UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES

-v-

LEONIDES SIERRA et al.,

                Defendants.

------------------------------------------------------------------X

11 Cr. 1032 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

    The next pretrial conferences in this case are scheduled for Wednesday, June 13, 2012, and Friday, June 15, 2012. To facilitate orderly discussion at those conferences, this Order sets out the Court's current intentions with respect to trial scheduling and related matters. In connection with this Order, the Court has reviewed, among other materials, the following correspondence: (1) a letter from the Government, dated March 30, 2012; (2) a letter from Gregory E. Cooper, Esq., dated April 4, 2012; (3) a letter from the Government, dated May 14, 2012; (4) a separate letter from the Government, also dated May 14, 2012, submitted *ex parte* and to be filed under seal;[1] and (5) a letter from Gregory E. Cooper, Esq., dated May 15, 2012.

    **Severance into Group A and Group B:** The Court is inclined to agree with the Government's proposal to sever the defendants into two groups: Group A, as to whom no

---

[1] The Government's *ex parte* letter amplifies on the status of its ongoing investigation and of various required approvals within the Department of Justice. The purpose of the *ex parte* letter is to provide additional support for the schedule that the Government proposed in the May 14, 2012 letter that was distributed to all counsel. The *ex parte* letter does not mention the name of any individual defendant or investigative subject. The Court has found the letter helpful in providing further justification for the Government's proposed schedule. The Court has determined that this letter was appropriately sent *ex parte*, and will file it under seal.

additional charges are contemplated; and Group B, as to whom additional charges are contemplated.

**Schedule for Group A:** As to Group A, the Court envisions setting a motions and trial schedule in which trials would begin in early January 2013. As previously indicated, in order to assure fairness to the defendants, the Court expects that each trial will involve no more than approximately five defendants. The Court asks that Government counsel and counsel for the defendants identified in Group A confer in advance of the upcoming hearings, in an attempt to identify a motions schedule consistent with this trial date. The Court asks that counsel submit a proposed motions schedule to the Court, in writing, by noon on Monday, June 11, 2012; if no such schedule is agreed to, the Court asks counsel, by the same date and time, to submit a letter identifying the proposed alternative schedules and the parties advocating them. Upon setting a motions schedule, the Court will also set a pretrial status conference as to Group A, in September 2012.

**Schedule for Group B:** As to Group B, the Court is inclined to agree with the Government's proposal under which superseding or new indictments will be returned between September 14, 2012, and December 14, 2012, with trials beginning in mid-to-late 2013. If any defendant objects to this schedule, the Court asks that defense counsel so notify the Court, by letter, by noon on Monday, June 11, 2012. Any such letter should set forth an alternative proposed schedule and the reasons for that schedule. The Court intends to set a next pretrial status conference as to Group B, in September 2012.

**Disclosure of specific acts of violence:** The Court appreciates the vigilance and care with which the Government has undertaken its discovery obligations in this case. With respect to the current indictment, the Court raised the issue at the last conference as to the Government's

obligations under Federal Rule of Criminal Procedure 16 with respect to acts of violence, including murders. The Court has received helpful letters on the subject from the Government and Mr. Cooper. Having reviewed those letters, the Court's view is as follows:

As to specific acts of violence as to which the Grand Jury heard evidence prior to returning the current indictment and which formed a basis of the Grand Jury's allegations in that indictment with regard to acts of violence, the Court's view is that the Government is under a present obligation, under Fed. R. Crim. P. 16(a)(1)(E)(i), to produce "documents and objects" within its possession, custody, or control relating to those specific acts of violence, because such "documents and objects" are presumptively "material to preparing the defense." If there are particular documents and things relating to such acts of violence which the Government believes are not material, the Government is free to raise a claim of non-materiality with the Court, but otherwise must promptly produce such materials. With respect to these same acts of violence, the Government is, similarly, under a present obligation, under Fed. R. Crim. P. 16(a)(1)(F), to permit defendants "to inspect and to copy or photography the results or reports of any physical or mental examination or scientific test or experiment" covered by Rule 16(a)(1)(F)(i) and (ii), if any, because such "examinations and tests," or reports thereof, are presumptively material to preparing the defense, under Rule 16(a)(1)(F)(iii). If there are particular such examinations or tests, or reports thereof, relating to such acts of violence, which the Government believes are not material to preparing the defense, the Government is, again, free to raise a claim of non-materiality with the Court, but it otherwise must make these "results or reports" available to the defense as provided in Rule 16(a)(1)(F).

As to specific acts of violence that did *not* form a basis of the Grand Jury's allegations in the current indictment, the Government's obligation to produce "documents and objects" covered

by Fed. R. Crim. P. 16(a)(1)(E), would arise under one of two circumstances. First, if the Government intends to use a particular item covered by Rule 16(a)(1)(E) in its case-in-chief, it has an obligation under Rule 16(a)(1)(E)(ii) to make that specific item available for the defense to review, and the Court expects it to do so promptly. Second, if the item is material to preparing the defense, the Government has an obligation under Rule 16(a)(1)(E)(i) to make that specific items available for the defense, and the Court expects the Government to do so promptly. As to the issue of materiality, the Court's view is that physical evidence relating to an act of violence that the Government intends to establish at trial is highly likely to be material to preparing the defense, and the Court asks the Government to bear that in mind in its determination whether a particular item of evidence is required to be produced under Rule 16(a)(1)(E)(i). Similarly, to the extent there are particular examinations or tests, or reports thereof, relating to acts of violence which the Government intends to establish at trial, the Government is obligated to produce such items either if it intends to offer these items at trial or if it determines that these items are material to preparing the defense, *see* Fed. R. Crim. P. 16(a)(1)(F). The Court's view is that examinations or tests, or reports thereof, relating to an act of violence which the Government intends to prove at trial are likely to be material to preparing the defense, and the Court asks the Government to bear that in mind to the extent this issue may arise.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 30, 2012
       New York, New York