USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES

    -v-

LEONIDES SIERRA et al.,

                 Defendants.

------------------------------------------------------------X

11 Cr. 1032 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

A superseding Indictment in this case, adding charges and a substantial number of new defendants, was unsealed today, consistent with the schedule set by the Court in this case, in which a superseding Indictment was required to be returned by December 14, 2012. In order to ensure the efficient and orderly progress of this case, the Court directs the following:

1. **December 19 initial conferences for new defendants:** The Court has set aside two times on December 19, 2012—at 10:00 a.m. and 11:30 a.m.—for initial pretrial conferences with the new defendants. These defendants are to be arraigned before the Magistrate Judge in advance of these conferences. Counsel for the new defendants are to coordinate with the Assistant United States Attorneys assigned to this matter to determine which defendants will appear at which of these conferences.

    a. To enable counsel for the new defendants to get up to speed on this matter, the Court directs the Government to furnish counsel for the new defendants, before December 19, with the Court's previous orders in this case, including as to scheduling and discovery, and including the protective orders issued by the Court. The Court also directs the Government, to the maximum extent

possible prior to December 19, to provide new counsel with other written materials generated to date in the case (*e.g.*, discovery letters, transcripts of prior court conferences, and correspondence and submissions from counsel) that may assist new counsel to get up to speed. The Court's intention is for new counsel to understand, in advance of the December 19 conferences, the broad history of the case to date, including (i) the bifurcation of the defendants into Groups A and B; (ii) the Court's rulings with regard to various disclosure and discovery issues; and (iii) the protective order that the Court has issued. To the extent the Government is unable to furnish some of the above material to a new counsel before December 19, such material should be provided as soon as possible thereafter. The Court does not, by this Order, require that the Government's enterprise letters be furnished to new counsel prior to the December 19 conference.

b. The Court also directs the Government, in advance of the December 19 conference, to make sure that arrangements are in place so that any new defendants who are being detained pending trial can have effective access while incarcerated to the voluminous (and largely electronically stored) discovery materials in the case.

c. At the December 19 conferences, the Government should be prepared to set out in detail, for the benefit of new counsel and the Court:

   i. The categories and volume of discovery material that will be made available; and

   ii. The timetable on which this discovery material will be made available.

    d. The Court also expects the Government to meet informally with new counsel upon request, as it has with counsel for existing defendants, to help identify portions of the voluminous discovery materials of particular relevance to the defendant in question.

    e. At the December 19 conferences, the Government should be prepared to address the big-picture issues relating to the timetable on which it expects this litigation to proceed, and the logical sequencing of trials of groups of defendants in this case, now that a superseding Indictment has been returned. *See* discussion at § 2(a), *infra*.

    f. Counsel for new defendants are advised that, to the extent that they wish to raise issues specific to a single defendant (*e.g.*, appeals of bail rulings, representation issues), the proper forum in which to do so is not a many-defendant conference such as the December 19 conferences, but instead a conference with the Court held for the purpose of addressing those defendant-specific issues. Defense counsel and the Government are to contact the Court's deputy, June Hummel, to arrange such conferences.

2. **December 20 conferences with existing "Group B" defendants:**

    a. The Court expects the December 20 conferences with the existing defendants to focus in large part on the schedule going forward, including which defendants will be tried first and on what timetable. The Court indicated at the most recent Group B conference that counsel should expect an initial Group B trial to be scheduled for late spring. At the December 20 conferences, the Court will elicit the views of counsel as to the start date and

probable duration of a first trial in this matter, and as to the timetable on which succeeding trials can be held.

b. To facilitate that discussion, the Government is directed, no later than December 18, to submit a letter to the Court and all defense counsel setting out its views as to the following:

   i. The big-picture timetable and manner in which this case should proceed;

   ii. The categories into which the defendants charged in the newly returned indictment logically fit, for purposes of scheduling trials;

   iii. Assuming that a first trial is to commence in late May or early June, which defendants should be set down for that trial, and whether it is realistic for a first trial in this case to include defendants who have only this week been added to the case, or whether it is more appropriately limited to Group B defendants of longer standing;

   iv. An orderly motions schedule; and

   v. The capital review process and its implications for scheduling in this case.

c. The Court is also mindful that, at the previous Group B conference, an issue was raised by defense counsel relating to whether defense counsel could share, in written form, excerpts of the Government's enterprise letters with their clients. The Court deferred that issue pending return of the superseding Indictment. With the superseding Indictment having been returned, the Court expects that issue to be raised again at the December 20 conference. The

Government should be prepared to set out its views on that subject, either in its letter due by December 18, or in person at the December 20 conference.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: December 12, 2012
       New York, New York