UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

          v.                                                S1 11 CR 1032-37 ( PAE )

EDUARDO HOLGUIN,

                Defendant.

-------------------------------------------------------X

# DEFENDANT EDUARDO HOLGUIN'S SENTENCING MEMORANDUM

                                                      Richard H. Rosenberg
                                                        Attorney for Eduardo Holguin
                                                        217 Broadway----Suite 707
                                                        New York, New York   10007
                                                        (212) 586-3838

*Introduction*

Defendant Eduardo Holguin is scheduled to be sentenced on January 31, 2013 following his guilty pleas to 1) a conspiracy under Count One of the indictment charging him with participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962 ( c ) by being a member of the Triniteros gang and helping them sell marijuana and guns; 2) a lesser included offense under Count Two of the indictment charging him with participation in a conspiracy to distribute, and possession with intent to distribute, marijuana in violation of 21 U.S.C. § 841 (b) (1) (D);( 2); and 3) a violation of 18 U.S.C.§ 922 ( a ) (1 ( A ) as contained in Count Four of the indictment by assisting others in the sale of firearms.

. Mr. Holguin pleaded guilty before Your Honor on October 3, 2012 pursuant to a plea agreement. At the time of his plea Mr. Holguin's request to be remanded pending sentence was granted. He had been on home detention with electronic monitoring for the prior eight months.

While the sentencing guidelines are now advisory post <u>United States v. Booker,</u> 125 S. Ct. 738 (2005) and are but one of five factors to be considered in determining a sentence, district courts are nevertheless directed to determine the applicable guidelines range and consider it along with all the factors listed in 18 U.S.C. § 3553 (a). <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005). Accordingly, the first part of this memorandum will address the guideline issues raised in the pre-sentence report, as well as objections, comments and corrections to the report.

*Comments and Objections to the Pre-Sentence Report*

¶51: Mark Martinez called to the defendant's cell phone in order to speak with Mr. Cruz about a gun sale because Mr. Cruz did not have a cell phone at the time. He began the conversation with Mr. Holguin not realizing that it was Mr. Holguin and not Mr. Cruz to whom he was speaking.

¶ 112: Mr. Holguin had been living in Salem, Ma.orchester, Mass. and voluntarily made himself available to the Worchester police for interview regarding a burglary incident. Following questioning he was informed he was free to leave and was not charged with any crime. Subsequently, and after he returned to New York to reside with his mother, Me. Holguin was formally charged with Burglary in Worchester and a warrant was issued, not for his failure to appear, but rather, based on the filing of that charge. At his initial appearance in Worchester, after making bail in this case, he was released on bail there. Since his initial appearance, he has appeared in Worchester whenever required. The case is still pending

¶ 123: Since his remand to MCC the defendant experienced depression. He reported that to the staff at MDC. Mr. Holguin was evaluated and placed on a regular regimen of medication used to treat bi-polar disorder.

### *The Guideline Sentence Range*

Tthe Pre-Sentence Report and the plea agreement both calculate Mr. Holguin's total offense level as level 18 with zero criminal history points resulting in a Criminal History Category I. As such, Mr. Holguin's advisory guideline sentence range is 27-33 months imprisonment.

For the reasons that follow in this submission, it is respectfully submitted that the ends of justice and the sentencing goals of 18 U.S.C. § 3553 (a) can be satisfied with the imposition of a non-guideline sentence .

### *Post-Booker Sentencing Considerations*

As this court is well aware, while the sentencing guidelines provide a sentencing court with a "starting point and the initial benchmark", Gall v. United States, 128 S. Ct. 586 (2007), a sentencing court must now consider all of the 18 U.S.C. § 3553 (a) factors, not just the

guidelines, in determining a sentence that is minimally sufficient to meet the goals of sentencing set forth in 18 U.S.C. § 3553 (a) (2): justice, deterrence, incapacitation and rehabilitation. United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

The requirement that a court impose a "sufficient, but not greater than necessary" sentence to achieve those goals sets a limit on the sentence that a court may impose. Further, in determining whether and to what extent imprisonment is appropriate based on § 3553 (a) factors, the court is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (a).

An examination of the defendant's involvement in this offense, his youth and the impact of his nearly year long incarceration and separation from family, along with the factors delineated in 18 U.S.C.§ 3553(a) suggests that a non-guideline sentence in this case is sufficient to meet the sentencing goals of the statute.

### *The Defendant's Background, Character and Circumstances of the Offense*

Under 18 U.S.C.§ 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing and appropriate sentence."

One of the more striking things about this case is the defendant's youth ( he turned just 20 years of age in August, 2012 ) and the severe consequence of his likely deportation to the Dominican Republic, a country where he has not lived since the age of six and where neither of his parents, his significant other or his young child will reside. He will be cast away and separated from familial support lines and from the only people with whom he has close and deep emotional ties.

Mr. Holguin grew up in a neighborhood dominated by a gang comprised of people of

Domican heritage. His closest friend s were members of that group and he grew up with the gang culture as a significant part of his environment. It was also a significant part of his environment that marijuana and other drugs were openly available and used recreationally and sold for profit. Not surprisingly, Eduardo Holguin began smoking marijuana daily and often from the young age of 16 and experimented with other, more serious substances. As a pre-teen he lived with his mother and her boyfriend and witnessed physical and verbal abuse suffered by his mother. Later, as a teen, Eduarardo moved to Salem, Mass. to live with his biological father. He resided there for a year before returning to New York to rejoin his mother and sisters. Thereafter, Eduardo and his mother moved to Georgia where his mother became involved in a stable, healthy relationship with a local businessman, Carlos DeJesus. In 2009 his mother, Mr. DeJesus and the defendant returned to New York Unfortunately, Mr. DeJesus, with whom Eduardo Holguin had built a positive relationship died suddenly of a heart attack.

It is readily conceivable that all these re-locations, together with drug dependency and the lack of everyday guidance and influence contributed to Eduardo Holguin's failure to complete high school and his reliance on older, street-wise and criminally minded neighbors for companionship and peer acceptance.

This case represents Eduardo Holguin's first experience with incarceration. His role in this case was that of a street level marijuana seller. He also served as a look-out for older gang members engaged in gun sales.

During his time on home detention ordered in this case, Mr. Hoguin was fully compliant with all conditions of his release. He obtained employment in telemarketing and was a consistent and steady employee. As one of the conditions of his release, his mother was required to move the family away from the gang dominated neighborhood populated by

defendants in this case. She moved the family to Yonkers New York and succeeded in getting Eduardo away from the negative influences of the old neighborhood. and the forces that contributed to Eduardo being in the predicament he faces today.

It is not shocking or unusual that teenagers everywhere are capable of bad decision making. However, Eduardo Holguin's decision to participate in these offenses were mistakes of epic proportion. The consequences of his lack of judgment have been and will continue to be severe. If one of the goals of sentencing is the administration of justice through punishment, the incarceration of a youth in a harsh, adult environment like MCC for close to a year has already served that purpose. Mr. Holguin has learned a lesson harshly taught and one not soon forgotten. This prosecution will follow him throughout his life, barring him in likelihood from returning legally to this country as a visitor or resident. At the very least individual, if not general deterrence as well, has been accomplished by these real and far reaching consequences.

. As the annexed letters from Eduardo's mother, father, family members and individuals who have known him longest and best observe, Eduardo is a youngster with a good heart, intelligence and resolve to become a changed and better person as he grows into adulthood. Indeed, as Mr. Holguin's own letter relates, he recognizes the need for change and has learned that the ways of his carefree and careless youth were wrong and misguided and must give way to the responsibilities of fatherhood and a life devoted to abiding by the law and dedicated to inner growth.

It is respectfully submitted that under the circumstances presented herein and pursuant to the criteria set forth in 18 U.S.C.§ 3553 (a) that a non-guideline sentence is more than sufficient to meet the goals of sentencing.

*Conclusion:*

It is respectfully urged that in determining a sentence that is both reasonable and sufficient to achieve the goals of sentencing that the court consider the aforementioned background and character of the defendant, his youth and role in the offenses, as a basis for imposing a non- guideline sentence.

Thank you for Your Honor's attention and consideration to this submission.

Respectfully submitted,

Richard H. Rosenberg

Dated: New York, New York
January 17, 2013

cc.: All parties (ECF)