UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                        :

        -v.-                                              :

                                     S1 11 Cr. 1032 (PAE)

JONATHAN EVANGELISTA,                            :

                Defendant.                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**

PREET BHARARA
*United States Attorney*
*Southern District of New York*
*Attorney for the United States*
*of America*

NOLA B. HELLER
JESSICA ORTIZ
RACHEL MAIMIN
SARAH KRISSOFF
Assistant United States Attorneys,
*Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v.- | : |
| JONATHAN EVANGELISTA, | : |
| Defendant. | : |

S1 11 Cr. 1032 (PAE)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA

### I. PRELIMINARY STATEMENT

The Government respectfully submits this sentencing memorandum in advance of the sentencing of defendant Jonathan Evangelista, which is scheduled for January 31, 2013, and in response to the defendant's sentencing memorandum dated January 16, 2013 ("Def. Mem."). The Government respectfully requests that the Court sentence the defendant to a term of imprisonment within the range of 30 to 33 months.  Such a sentence would be sufficient, but not greater than necessary, to achieve the statutory goals of sentencing.

### II. BACKGROUND

**A.    The Offense Conduct**

As described in the pre-sentence investigation report ("PSR") dated January 16, 2013, the S1 Indictment in this case charged fifty members and associates of the Bronx Trinitarios Gang ("BTG" ) with participation in racketeering, narcotics, and firearms offenses between in or about 2003 and in or about December 2011.  The PSR articulates in detail the operations of the Trinitarios Gang ("Trinitarios" or "Gang"), from its formation in the New York state prison system

to the functioning of the BTG on the streets of the Bronx. (PSR ¶¶ 43-48.) The PSR concisely summarizes the destruction wrought by the BTG and its associates during the extended time period of the charged crimes. BTG members and associates terrorized the northwest Bronx on a daily basis by selling drugs in an open-air market, possessing firearms and other weapons, and committing frequent stabbings and shootings of rival gang members and drug dealers using those weapons. As is now charged in the S4 Indictment in this case, BTG members are responsible for at least nine homicides occurring during the charged time period.

This defendant was not a member of the BTG, but he sold cocaine with members of the BTG. In particular, he sold between 200 and 300 grams of cocaine with the BTG, (PSR ¶ 49), including four sales during the course of this investigation to undercover police officers in February and March of 2011. (PSR ¶ 49.)

### B. Procedural History

On December 5, 2011, a grand jury sitting in this District returned Indictment S1 11 Cr. 1032 against the defendant and 49 others. The indictment contained four counts. The defendant was charged in Count Two (conspiracy to distribute, or to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846). On October 2, 2012, the defendant entered a plea of guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government. The agreement stipulated that the offense involved at least 200 grams, but less than 300 grams of cocaine, and that the applicable Guidelines Range was 27 to 33 months' imprisonment. (PSR ¶ 11.)

**C.     The Presentence Investigation Report**

The Probation Office issued its Presentence Investigation Report in this case on January 16, 2013.  The Probation Office concluded in the PSR, as the parties stipulated in the plea agreement, that the offense conduct yielded a base offense level of 17.  (PSR ¶ 148.)  The PSR also concluded that the defendant was in Criminal History Category III, which results in a Guidelines range of 30 to 37 months.[1]  (PSR ¶ 148.)  The Probation Office recommended a Guidelines sentence of 33 months' imprisonment and a 3 year term of supervised release, emphasizing the defendant's 13 prior criminal convictions.  (PSR at 33-34.)

**D.     Status of Co-Defendants**

The defendant is scheduled to be the sixth defendant to be sentenced in this case.  Co-defendant Joseph Hernandez, who pleaded guilty to Count Two of the Indictment, was sentenced on January 18, 2013, principally, to 30 months' imprisonment.  Dave McPherson, who pleaded guilty to Counts Two and Four of the Indictment, and Greydin Liz Castillo, who pleaded guilty to Count Two of the Indictment, are scheduled to be sentenced on January 28, 2013.  Edgardo Ponce, who pleaded guilty to Count One of the Indictment, is scheduled to be sentenced on January 30, 2012.  Eduardo Holguin, who pleaded guilty to Counts One, Two, and Four of the Indictment, is scheduled to be sentenced the same day as the defendant.

---

[1] As stated above, the parties agree that the defendant's offense level is 17.  However, in the plea agreement, the parties stipulated that the defendant was in Criminal History Category II and, thus, that the defendant's stipulated Guidelines range was 27 to 33 months' imprisonment.  The difference arises from the fact that, at the time the parties entered into the plea agreement, the Government was not aware that the defendant had been adjudicated a youthful offender in 2005, as described at paragraph 91 of the PSR, arising from a robbery offense.  (PSR ¶ 91.)  Although the Probation Office has access to records of such convictions, they frequently - as here - do not appear on criminal history reports available to the Government.  The Government agrees that the Probation Office has accurately calculated the defendant's Guidelines range.

### III. ARGUMENT

**A.     The Governing Legal Framework**

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005) and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court has stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 55 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, *see id.* § 3553(a)(2); "the kinds of sentences available," *id.* § 3553(a)(3); the Guidelines range itself, *see id.* § 3553(a)(4); any relevant policy statement by the Sentencing Commission, *see id.* § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," *id.* § 3553(a)(6); and "the need to provide restitution to any victims," *id.* § 3553(a)(7).

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and
to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

©      to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall* v. *United States*, 552 U.S. at 50 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. 338, 348 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46; *see also Rita* v. *United States*, 551 U.S. at 349. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

**B.     The Court Should Impose a Guidelines Sentence**

Here, a sentence within the range of 30 to 33 months' imprisonment is sufficient, but not greater than necessary, to reflect the history and characteristics of the defendant and the seriousness of the offense, and provide adequate deterrence to criminal conduct.

Despite the fact that the defendant is only 24 years old, he has six prior criminal convictions, 2 prior youthful offender adjudications, and 5 pending cases. Having begun breaking

the law as a minor, he has been committing crimes continuously as an adult.  He has shown no respect for the law whatsoever, even failing to appear for court when required in his criminal cases, resulting in the issuance of bench warrants.  (*See* PSR ¶¶ 93, 96, 107.)   Further, the defendant's prior convictions, and three of his pending cases, involve narcotics - including the sale of narcotics. (PSR ¶¶ 93-100, 112-117.)   In this case, although the defendant was not a member of the Gang, he sold cocaine with the BTG, a dangerous and violent criminal enterprise that was largely financed through narcotics trafficking.  A substantial sentence is necessary to reflect the seriousness of this offense and help ensure that the defendant breaks the pattern of criminal conduct that has characterized his entire adult life.

### IV.  CONCLUSION

For the reasons set forth above, the Government respectfully submits that the Court should impose a sentence of between 30 and 33 months' imprisonment.

Dated:          New York, New York
                January 24, 2013

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney
                                        Southern District of New York

                        By:     ____s/_____
                                        Nola Heller / Jessica Ortiz /
                                        Rachel Maimin / Sarah Krissoff
                                        Assistant United States Attorneys
                                        (212) 637-2200