# Patrick J. Joyce Esq.
Attorney at Law
70 Lafayette Street - 2nd Floor
New York, New York 10013
(212) 285-2299
FAX (212) 513-1989

New Jersey Office:

4W. S. Orange Ave.
South Orange, NJ 07079

February 11, 2013

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
New York, New York 10007

    Re: <u>United States v. Christopher Robles, 11 CR 01032-47 (PAE)</u>

Dear Judge Engelmayer,

    I am the attorney for Christopher Robles, a defendant in the above referenced matter. Mr. Robles entered a plea of guilty on October 24, 2012 to Count Two (2) the instant indictment. Mr. Robles is scheduled to be sentenced before your Honor on February 25, 2013. This letter is being filed pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

## THE PRE-SENTENCE REPORT

    The defendant does not object to the factual recitation set forth in the Pre-Sentence Report. The Report is not flawed in its analysis regarding a guideline calculation. While the report will be referred to at length later, two points are worth highlighting at this time. First, the Probation Report accurately states that the court is free to sentence Mr. Robles without being hampered by any mandatory minimum provisions contained in 18 USC § 841 (b)(1)(a) or (b). (PSI Page 27). Secondly, the report defends a recommended sentence which is below the suggested guideline range, in that it states that a sentence of TIME SERVED followed by a term of supervised release of three (3) years is an appropriate sentence for Mr. Robles. (PSI PP 29-25). The defendant requests that this Court sentence him consistent with the recommendation of the Probation Office.

## BECAUSE THE GUIDELINE RANGE CALCULATED IN THE PSI IS NOT BINDING ON THE COURT AT SENTENCING, THIS COURT HAS THE DUTY TO IMPOSE A REASONABLE, STATUTORY SENTENCE.

The Defendant submits that pursuant to United States v. Booker, 125 S. Ct. 738 (2005), the guidelines range calculated by the probation office or decided upon by the court, is no longer binding on the court. The guideline range should be treated as a recommendation as to where the Defendant should be sentenced. Therefore, this Court is not required to sentence the Defendant to the guideline range presented in the PSI. Instead, this Court should consider the information in the PSI along with other relevant information, including all factors listed under 18 U.S.C. § 3553(a). When considering all of these factors, it is apparent that a sentence which does not involve continued incarceration achieves the goals of sentencing.

Because a mandatory guideline system has been declared unconstitutional, the appropriate remedial measure required the severance and excision of two provisions of the federal sentencing statute, including 18 U.S.C. § 3553(b)(1), the provision that made the Guidelines mandatory. See Booker, 125 S. Ct. 738, 757 (Breyer, J.). As a consequence, the federal sentencing statute still "requires a sentencing court to consider Guidelines ranges, . . . , but it permits the court to tailor the sentence in light of other statutory concerns as well . . . ." Id.

In United States v. Crosby, the Second Circuit court summarized the effect of Booker on federal sentencing.

"First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (I) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence." Crosby, 397 F.3d at 113.

Now that the Guidelines are merely advisory, the sentencing court is required to consider a host of individual variables and characteristics excluded from those calculations called for by the Guidelines. As noted by the Crosby Court, "[p]rior to Booker/Fanfan, the section 3553(a) requirement that the sentencing judge "consider" all of the factors enumerated in that section had uncertain import because subsection 3553(b)(1) required judges to select a sentence within the applicable Guidelines range unless the statutory standard for a departure was met. Now, with the mandatory duty to apply the Guidelines excised, the duty imposed by section 3553(a) to "consider" numerous factors acquires renewed significance." Crosby 397 F.3d at 111.

### THE WEIGHT GIVEN TO THE GUIDELINES

Importantly, the Guidelines should be just one of many factors this Court reviews when determining the ultimate sentence to impose and they should be given no more weight than any other single factor considered under § 3553(a).

Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion to sentence anywhere within the statutory range. If the Booker Court thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so. Booker, 125 S. Ct. at 791 (Scalia, J., dissenting). Likewise, if the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

### THE "PARSIMONY PROVISION"

Section 3553(a) is referred to in Booker and much post-Booker case law as containing various "factors" – one of which is the guidelines – that must now be considered in determining a sentence. This is a misleading oversimplification. Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a) and the "factors" to be considered in fulfilling that mandate. The sentencing mandate contains a limiting principle favorable to defendants and is the overriding principle that limits the sentence a court may impose.

The overriding principle and basic mandate of Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2).

The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." The Parsimony Provision is not just another "factor" to be considered along with the others set forth in Section 3553(a) (discussed below) – it sets an independent limit on the sentence a court may impose. See United States v. Denardi, 892 F.2d 269, 276-77 (3rd Cir. 1989) Since § 3553(a) requires a sentence to be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within guideline range. Id.

### SECTION 3553 FACTORS

In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in Section 3553(a). These factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed ,(3) "the kinds of sentence available;" (4) the kinds of sentences and ranges established in the guidelines, (5) any pertinent policy statements, (6) the need to avoid unwarranted sentencing disparity; and (7) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(1-7).

Neither the statute itself nor Booker suggests that any one of these factors is to be given greater weight than any other factor. However, it is important to remember that all factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

In sum, this Court is statutorily required to impose a sentence that is minimally sufficient to accomplish the purposes of sentencing, and the guidelines are only one of seven equally important factors to be considered in determining the minimally sufficient sentence. In the instant case the four goals of (1) retribution, (2) deterrence, (3) incapacitation, and (4) rehabilitation are satisfied by a sentence which is lower than the Guideline suggestion and can be achieved if the court sentences Mr. Robles consistent with the recommendation by the Probation

4

Department.

The United States Supreme Court has issued two opinions which support the defendant's position. In <u>Kimbrough v. U.S.,</u> 128 S.Ct.558 (2007), the court affirmed a District Court's decision to deviate from the Guideline's 100-1 "cocaine base" ratio in sentencing a defendant. In <u>Gall v. United States</u> 128 S.Ct. 586 (2007) the Court ruled that a District Court's non-guideline sentence did not involve an abuse of discretion and therefore could not be invalidated by Appellate Review. The common thread running through these cases is that a District Court is bound only by the factors contained in 18 USC § 3553. In admonishing the appellate court in <u>Gall</u>, the Court stated, "But it is not for the Court of Appeals to decide *de novo* whether the justification for a variance is sufficient or the sentence reasonable. On abuse of discretion review, the Court of Appeals should have given due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." <u>United States v. Gall</u>, supra at *12.

In <u>Kimbrough</u>, the defendant pleaded guilty to several offenses two of which subjected him to a statutory mandatory minimum sentence of One Hundred and Eighty (180) months. The Guidelines range applicable to the case suggested a sentence of from Two Hundred Twenty Eight to Two Hundred Seventy months. (228-270 months). The District Court found that a sentence within the range proscribed by the Guidelines would be "greater than necessary" to accomplish the mandate of § 3553(a). The court specifically cited the unjust effect of crack cocaine guideline calculations had upon sentencing and also considered other factors contained in § 3553(a) in sentencing outside the guideline range.

Both the Government and the Court of Appeals objected to the sentencing court's rationale. The Supreme Court noted that while the sentencing court must consider the Guideline range as one factor in its sentence, the sentence was not invalid simply because the District Court considered the "crack" to "powder" disparity in fashioning an appropriate sentence.

In <u>Gall</u> the District Court sentenced the defendant to a period of probation. The Guidelines had suggested a sentence of from 30-37 months. The Eighth Circuit determined that the sentence was an "extraordinary" variance from the Guidelines, found that the sentence was not justified and remanded for re-sentence. The United States Supreme Court disagreed. Finding that the Circuit Court's analysis was constitutionally flawed, the Court re-emphasized the position that the role of the Guidelines

5

is merely advisory. As in <u>Gall</u>, the court here is presented with an individual who has demonstrated that further incarceration would be a sentence which is "greater than necessary".

## DEFENDANT'S REQUEST

The PSI report has detailed the numerous factors which indicate why a sentence of Time Served is appropriate. This indicates the Probation Department's belief that among similarly situated defendants, Mr. Robles should be given the benefit of leniency. The report documents the work and educational history of Mr. Robles as well as the family support network which he enjoys. (PSI Pages 19-22). All indications from this report point to the inescapable conclusion that this criminal event was in great part fueled by Christopher's immaturity. It is also clear that this foray into the world of crime was fleeting and represents aberrational behavior.

Many young people, when faced with the consequences of their criminal activity retreat into a coma like existence. Christopher has done the exact opposite. After being detained initially, Christopher was released on bond posted by his very supportive family. Since that time he has stayed drug free. He has obtained full time employment. He has enrolled in a Community College. He has maintained a strong relationship with his daughter and her mother.

Christopher suffers from a well-documented kidney ailment. This medical condition is one which will make any type of incarceration extremely onerous. As his physician has related to Probation, " a period of incarceration would seriously, negatively affect the defendant's physical health." (PSI page 28).

Letters of support from family members, employers and community members will be submitted shortly. As the Court will see, the authors of these letters of support portray a young man who works hard, and shows love and affection to his family. All reports indicate that the recommendation of Probation, that "Considering…his role in the instant offense and his personal circumstances, we recommend a sentence of time served" (PSI page 28) should be followed.

## CONCLUSION

The defendant respectfully submits that a sentence which is "sufficient but not greater than necessary" to accomplish the goals set forth in the sentencing statute would result in a

6

sentence of time served. Mr. Robles has been punished with some jail time, his progress can be monitored during community supervision and post-sentence release, and the community support that awaits him is a clear signal as to the positive characteristics of this defendant.

    The Defendant respectfully reserves the right to raise additional issues at the time of sentencing.

Respectfully Submitted,

*Patrick Joyce* (signature)

Patrick Joyce<br>
Attorney for Defendant<br>
Christopher Robles

cc: AUSA Sarah Krissoff   (**VIA ECF**)
    Probation Officer Dawn Doino   (**VIA FACSIMILE**)