UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------      11 Cr 1032 (PAE)

UNITED STATES OF AMERICA

    -against-

DAVID PATINO,

-------------------------------------------------------

## DEFENDANT'S SENTENCING MEMORANDUM

                        Law Office of Eric M. Sears, P.C.
                        Eric M. Sears, Attorney

                        111 Broadway, Suite 1305
                        New York, NY  10006
                        212-252-8560

LAW OFFICE OF ERIC M. SEARS, P.C.
--------------------------------------------------------
**Eric M. Sears**
**Attorney at Law**
--------------------------------------

111 Broadway, Suite 1305
New York, NY  10006

Tel. 212-252-8560  Fax: 212-346-4665  Cell: 917-929-2096
email: emsearsesq@aol.com    Website: EricMSearsLaw.com

**DEFENSE SENTENCING MEMORANDUM**

February 12, 2013.

Hon. Paul A. Engelmayer
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY  10007

    Re: **United States v. David Patino**
        **11 Cr 1032 (PAE)**

Dear Judge Engelmayer:

    I am CJA counsel for the defendant David Patino. This letter and attachments are being submitted for the Court's consideration in imposing sentence, scheduled to take place on February 27, 2013, 10:00 a.m. For reasons set forth below it will be my intention to request a sentence of time served and such period of supervised release as the Court deems appropriate.

**Procedural History**

    David was arrested and detained on December 7, 2011, and subsequently indicted for the crimes of Racketeering Conspiracy in violation of 21 USC 1962(d), Narcotics Conspiracy in violation of 21 USC 841 (b)(1)(B), (b)(1)(C), (b)(1)(E), and a Firearms Offense in violation of 18 USC 924 (c)(1)(A) (iii). A plea of guilty was entered on September 28, 2012 to counts One and Two of the indictment, in which David admitted conspiring with Trinitario gang members to possess and distribute marijuana, and to the substantive crime of possessing and distributing marijuana.[1] Although Count Two of the indictment carries a mandatory minimum of 5 years incarceration, under the terms of the plea agreement, David was permitted to plea to the lesser-included offense of 841(b)(1)(D), for which there is no mandatory minimum. As of the

---

[1] Although David pleaded to conspiring with the Trinitarios, he was not actually a member of the organization. PSR paragraph 51.

1

projected sentence date, David will have been incarcerated at the MDC for some 14 months and 3 weeks.

## Sentencing Guidelines and Plea Agreement[2]

The plea agreement contains a stipulated guidelines offense level of 17, a criminal history category of 1, and a sentencing range of 24 to 30 months; either party is permitted to seek a sentence outside of the stipulated range. Similarly, the Presentence Report (PSR) finds a total offense level of 17, a criminal history category of 1, and guidelines imprisonment range of 24 to 30 months.

## The Offense Conduct

As summarized in the PSR, paragraph 51, David's role in the underlying conspiracy was as a seller of marijuana on Health Avenue in the Bronx. In this activity, David was under the direct supervision of Jose Cruz, who supplied the marijuana that David would then sell in street-level transactions with customers. Although certainly blameworthy, and a necessary rung on the distribution ladder, it is clear that David was not in the higher echelons of the drug distribution enterprise – he was not involved in the manufacture and importation of the drugs; his "territory" was limited to a single location; he did not package the marijuana but would obtain it ready for sale from Cruz; who would direct David to the pickup location when the marijuana was packaged and ready for sale, and would direct David to specific individuals at the sale location. David was, in a very real sense, an entirely fungible part of the distribution chain. Moreover, his activity was limited strictly to marijuana, never spilling over to cocaine, crack, heroin or other more dangerous and addictive drugs. And although the PSR states that "Patino kept a firearm inside his apartment," no firearm was found during a thorough search of the apartment upon execution of a search warrant, and there is no allegation that David was ever observed in actual possession of a firearm, or that he ever used or brandished it in connection with his marijuana activities.

## Personal History and Background

David is 20 years old, and aside from this case has no criminal record. His one earlier brush with the law involved, not surprisingly, possession of marijuana, and was resolved with a plea to Disorderly Conduct, a violation and not crime – he was sentenced to a conditional discharge. Until being detained on this case, David had not experienced the hardships, depravations and lessons learned from incarceration.

David has lived all his life in the same neighborhood in the Bronx. He was raised primarily by his mother, after his father disappeared abruptly when David was about to enter his formative teenage years. David has remained close with his mother, with whom he is in frequent contact. For the past four years, David has been in a committed relationship with Marycarla Garcia, who bore their son Noah Patino while David was incarcerated on this case. Marycarla has remained steadfast in her support of David, and visits regularly at the MDC. David is wholly committed to the relationship, as he is to Noah. I can personally attest to the profound impact the

---

[2] References herein to the PSR are to the draft report, as I have not yet received a copy of the final report.

2

birth of his son has had upon David, and his determination not only to stay crime free, but to improve himself, gain regular employment, and be a true father, provider and example for Noah. David is not the same street person I met some 14 months ago awaiting his initial appearance in Magistrate Court.

To his credit, David obtained his GED in 2009, and has a nearly spotless record during his months of incarceration. His one ticket came nearly a year ago, not long after his being imprisoned, and involved failing to stand for a "count," for which he was penalized by the loss of email ("corrlinks") for 60 days – unlike almost all prison offenses it was not considered significant enough to require segregation from the general population.

Of particular relevance for David is his long history of substance abuse. Although he sampled ecstasy and cocaine a handful of times some years ago, his real problem has been with marijuana, which he started using regularly at age 12, continuing until his arrest in this case. With the birth of his son, however, and a new sense of responsibility, what had been a daily occurrence began to taper off significantly. Even prior to his arrest there seemed to be some dawning realization that his life had to change.

### Letters of Support

Submitted herewith are letters from Marycarla Garcia, David's fiancée and the mother of his young child, from his mother, Hubertina Gonzalez, his sister, Erika Hernandez, and his brother-in-law, Armondo Torres. The letters are not great in number or length, but they are from people who know David well, have seen the good in him and the changes that have come with being a father and the lessons learned from the constraints of incarceration. They, like David himself, do not make excuses or seek to justify his unlawful behavior. Rather, they point to a new beginning for David, as a father and a law-abiding, working member of the community. David will not let them, and himself, down again.

### Conclusion

The question for this Court to resolve, then, is what is an appropriate sentence to impose on this non-violent first offender, who chose to associate himself with a criminal organization, but never actually became a member of that organization, and only to the extent of selling the organization's marijuana to the organization's customers. I would submit that a sentence of time served, the equivalent of nearly 15 months, though somewhat below the bottom of the guidelines range, is sufficient but not greater than necessary to satisfy the goals of the sentencing statute. Fifteen months in the MDC, a facility ill-equipped to house inmates for such extended stays, is a significant punishment, a type of punishment David had never experienced before and which has had a profound effect. With the support of his mother and, more particularly, that of his "wife" Marycarla, the responsibility and joy of being with his young son, coupled with his first experience of the deprivations and hardships of incarceration, David has all the incentive he needs to stay clean and do good. I believe that this Court can take a chance with David.

As I drafted this memorandum, one item in the PSR kept coming to mind rather more so than the others. In paragraph 51, under offense conduct, it states that although David was

3

associated with the Trinitarios in his marijuana dealing, he never actually became a gang member. Something in David made him go his own way, at least in that regard, and resist what must have been the significant pressure of his peers. I like to think that whatever instinct in David stopped him from crossing that line is the one that has now taken firm route. Having served nearly 15 months, and facing a period of supervised release and the prospect of a return to prison if he falters, I believe there is reason to give David the benefit of the doubt, to take a chance on this young man, and not impose additional time in jail.

                                            Respectfully submitted,

                                            S/
                                            Eric M. Sears
                                            Attorney for David Patino

cc. AUSA Nola Heller (by ECF)