UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x

UNITED STATES OF AMERICA,

v.

JONATHAN MAJDANSKI,

Defendant.

---------------------------------------------------x

11 CR 1032
(PAE)

# SENTENCING MEMORANDUM

JOHN BURKE
Attorney for Jonathan Majdanski
26 Court Street - Suite 2805
Brooklyn, New York 11242
(718) 875-3707

JOHN M. BURKE
Attorney at Law

26 Court Street - Suite 2805
Brooklyn, New York 11242
Tel: (718) 875-3707
Fax: (718) 875-0053

February 13, 2013

Honorable Paul Engelmayer
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re.: U.S. v. Jonathan Majdanski
11 CR 1032 (PAE)

Dear Judge Engelmayer:

I am writing on behalf of my client, Jonathan Majdanski, to request that the court be as merciful as possible and sentence him below his suggested guideline range of 27 to 33 months. I am also asking the Court to downwardly adjust his Federal sentence since Majdanski was originally brought into Federal custody via writ from a state jail.

In view of Majdanski's abusive childhood, deep contrition and creative potential, the defense believes a lenient sentence would serve the interest of justice and satisfy the goals of 18 U.S.C. §3553(a).

I. THE ADVISORY GUIDELINES

The Department of Probation computed Majdanski's final offense level as 16 and in Criminal History Category III this yields a suggested guideline sentence of 27 to 33 months. P.S.R. Parg.[1] 143. The defense has no objection to this advisory

[1]Pre-Sentence Report

guideline estimation[2] but believes that Majdanski's artistic capacity and rehabilitative desire augurs well for his future. In his case a below guideline range sentence would be appropriate.

## II. PERSONAL HISTORY

Jonathan Majdanski is a 29 year old United States citizen and a life long resident of New York City. Jonathan's parents, Luis Majdanski and Mayra Altagracia, separated when he was an infant and Jonathan was raised by his mother in the low income, crime ridden High Bridge section of the Bronx. Although his father physically and financially abandoned the family, his mother was able to support them by waitressing and public assistance.

Jonathan was abused in his early adolescence, P.S.R. parg. 112, and during this chaotic period he left school before completing the ninth grade. Since that time he has suffered from sporadic fits of anger and bouts of substance abuse. In spite of his financial handicaps and emotional trauma, Jonathan Madjanski has continually struggled to overcome the obstacles life has strewn in his path.

Despite his meager formal education Jonathan obtained his G.E.D. in 2006. In 2007 he completed a 170 hour course in "Virtual Enterprises International" where he was schooled in various aspects of marketing and e-commerce. Most notably Jonathan is a self-taught audio engineer and video editor. He is also an accomplished graphic designer and brief example of his work is attached. See Ex. A.

After leaving school Jonathan worked at numerous jobs in order to support himself and his family. He began as a grocery bagger and later found employment in a fast food restaurant and as a shipping clerk. After a brief stint as a telemarketer Jonathan gravitated towards more artistic terrains where he hopes to be employed in the future.

Jonathan began his creative career as a silk screen artist for Luna Night Club in 2008, designing their flyers, posters and web page. He continued silk screening

[2] The advisory guideline estimate is consistent with the sentencing range in Majdanski's plea agreement.

for MOS Silk Screen in Manhattan and also worked as a part time audio engineer for Quiet Ink, Inc. from 2007-2010. Prior to his most recent arrest Majdanski operated his own business, EVG Inc., creating flyers, DVD covers and web designs. He intends to return to this field upon his release from custody.

Throughout his personal and legal travail Jonathan has maintained a close, loving and supportive relationship with his disabled mother who still lives in the Bronx. Since 2007 Majdanski has been in a stable relationship with Shelley Ortiz, a nurse's aide who resides in Manhattan. They have one child together, Jaen Majdanski, age two, and the couple intends to live in her apartment when Jonathan's sentence is finished.[3]

## III. THE CRIME

Jonathan Majdanski sold large amounts of marijuana in connection with his participation with the Trinitarios group. He admits his crime and accepts responsibility for his actions. Jonathan Majdanski regrets his criminal activity and promises to lead a law abiding life in the future.

## IV. JONATHAN MAJDANSKI'S FEDERAL SENTENCE SHOULD BE DOWNWARDLY ADJUSTED TO CREDIT HIM FOR THE TIME HE HAS SPENT IN FEDERAL CUSTODY

In any computation of a Federal sentence a decision must be made as to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence. Jonathan Majdanski was brought into Federal custody from Rikers Island via writ on December 7, 2011. He has been held at the Metropolitan Detention Center for 14 months and Majdanski asks the Court to credit this time toward his Federal sentence.

A Federal sentence does not begin to run when a defendant is produced for prosecution by a Federal writ from State custody. Roche v. Sizer, 675 F.2d 507 (2d

---

[3]I have attached several letters from Jonathan's family and friends in support of his sentencing requests. See Ex. B attached.

Cir. 1982). The State authorities retain primary jurisdiction over the prisoner and technically Federal custody does not begin until State authorities relinquish the prisoner on satisfaction of his State case. Roche v. Sizer, supra; United States v. Smith, 812 F. Supp. 368 (E.D.N.Y. 1993).

Majdanski's drug abuse, P.S.R. parg. 124, was intrinsically coupled with his sale of controlled substances and resulted in a stint in drug rehabilitation. P.S.R. parg. 125. It is important to note that Majdanski's unresolved State charges, P.S.R. parg. 98, 99, 106, 107, reflect behavior similar in nature to the crimes contained in his Federal indictment, i.e., possession and sale of controlled substances. The pending State cases also involve illegal acts which occurred in the Southern District during the period of the racketeering activity (2003-2011)described in count one of Majdanski's instant indictment.

Majdanski pled guilty to engaging in racketeering activity in satisfaction of all the charges contained in the indictment. Although Majdanski admitted to selling marijuana the racketeering activity in count one also encompassed controlled substance crimes involving cocaine, crack and other prohibited substances. Under these circumstances, in the interest of fairness and justice, the Court should utilize its discretionary sentencing powers and downwardly adjust Majdanski's Federal sentence to credit him for the 14 months he has spent in the Metropolitan Detention Center. Majdanski also requests that the Court order his Federal sentence to run concurrent with any State sentence that will be imposed on his pending cases and recommend to the Bureau of Prisons that any state facility in which Majdanski serves his state sentence be designated as the place of federal confinement. Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72 (2d Cir. 2005); United States v. Fuentes, 107 F.3d 1515, 1519 N. 6 (11th Cir. 1986). Salley v. United States, 786 F.2d 546 (2d Cir. 1986).

VII. JONATHAN MAJDANSKI ASKS THE COURT TO IMPLEMENT THE SENTENCING GOALS OF 18 U.S.C. 3553(a)

Apart from consideration of departures under the now "advisory" Guidelines, 18 U.S.C. §3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of this subsection." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs the sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense.

Other statutory sections also give the district court direction in sentencing. Under 18U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, a sentencing judge is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation."

Under 18 U.S.C. §3661, "[n]o limitation shall be placed on the information concerning the background, character or conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Indeed, the directives of United States v. Crosby, 397 F.3d 103 (2nd Cir. 2005) and §3552(a) now make clear that courts must consider all of the factors in §3553(a), many of which the Guidelines either reject or ignore. In sum, under Booker and Crosby, the Guidelines are not binding and courts need no longer justify a sentence outside of them by citing factors to take the case outside the "heartland".

Courts are now free to disagree with the suggested advisory Guideline range as long as the sentence ultimately imposed is reasonable and supported by reasons

tied to the §3553(a) factors. An analysis of those factors in this case militates in favor of Jonathan Majdanski and the imposition of a lenient sentence that credits him for the time he has spent in Federal custody.

THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The defense requests that the Court incorporate by reference the personal background information contained in Section II of this letter. Jonathan Majdanski was abandoned by his father as an infant and raised in poverty in a high crime area. As an adolescent he was abused and threatened by adults charged with his supervision. Because of his chaotic upbringing Jonathan has been forced to battle with emotional turmoil and daunting personal demons. His struggles with drug abuse and his eighth grade education were hurdles Jonathan Majdanski was able to overcome as he matured into a more stable and responsible adult.

Jonathan Majdanski sold marijuana and admits his guilt. He asks that the Court sentence him below the advisory guideline range.

TYPES OF SENTENCES AVAILABLE

Jonathan Majdanski's crime of conviction carries no mandatory minimum sentence. The Court is free to utilize its discretion to fashion a sentence that is just and proper. Since Mr. Majdanski was brought into Federal custody on a writ he will not receive credit for the time he has spent in the Metropolitan Detention Center while this case was pending. He respectfully asks this Court to downwardly adjust his Federal sentence in order to credit him for the time he has already served.

CONCLUSION

Jonathan Majdanski begs the Court for mercy and asks for a sentence that permits him to re-enter the world of free men as soon as possible. He also implores the Court to run his Federal sentence concurrent with any State sentence that may be imposed on his open cases.

Majdanski is an intelligent, creative young man with a family that loves him and awaits his return. In accordance with 3553(a)'s directive to impose a sentence sufficient but not greater than necessary, Jonathan Majdanski petitions the Court for leniency and vows to become a productive member of our society.

Respectfully yours,

s/
JOHN BURKE
Attorney for Jonathan Majdanski

JB/dw

cc: United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Attention: Rachel Maimon, Esq., AUSA
Sara Krisoff, Esq., AUSA
Jessica Ortiz, Esq., AUSA

U.S. Department of Probation
500 Federal Plaza
New York, New York 10007
Attention: P.O. Johnny Kim