IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
UNITED STATES OF AMERICA,                )        S1 11 CR 1032 (PAE)
                                         )
                                         )
         -against-                       )
                                         )
VANCE HILL,                              )
                                         )
                        Defendant.       )
---------------------------------------------------------------------X

**SENTENCING MEMORANDUM ON**
**BEHALF OF DEFENDANT VANCE HILL**

 

Robert J. Krakow
Attorney for Vance Hill
Law Office of Robert J. Krakow, P.C.
The Woolworth Building
233 Broadway, Suite 2320
New York, N.Y. 10279
(212) 227-0600

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,                    )          S1 11-CR-1032-43 (PAE)
                                             )
                                             )
            -against-                        )
                                             )
VANCE HILL,                                  )
                                             )
                    Defendant.               )
-------------------------------------------------------------------X

## SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT VANCE HILL

Introduction

Vance Hill respectfully submits this Memorandum to present information and argument in mitigation of sentence.

Pursuant to a plea agreement Mr. Hill pleaded guilty to Count Two of an indictment that charged Mr. Hill with participating in a conspiracy to distribute less than 50 kilograms of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(D)(ii), and 846.

Count Two carries a maximum sentence of 60 months imprisonment and a maximum term lifetime term of supervised release, a mandatory minimum term of two years' supervised release and a maximum fine of the greatest of $250,000, twice the gross pecuniary gain. The Stipulated Guidelines Range under the plea Agreement is 21 – 27 months.  Plea Proceeding Transcript at 16, Plea Agreement dated September 24, 2012 at page 4, PreSentence Report ("PSR") at par. 11.

This Memorandum will show that there exist significant and persuasive factors, including Mr. Hill's family background and ties, his acceptance of responsibility for the offenses, and his post arrest

1

conduct, among other factors, that justify, pursuant to 18 U.S.C. § 3553(a)-(f) a non-Guidelines sentence, or a sentence at the low end of the applicable Guidelines range.

Based on all the factors that will be presented herein we urge the Court to sentence Mr. Hill to a non-Guidelines sentence below 21 months – or a sentence at the low end of the Guidelines range of 21 months.

<u>The Guidelines Stipulation and the PSR</u>

The Plea Agreement contains a Stipulation that the Guidelines range applicable to Mr. Hill's offense of conviction, Count Two, is 21-27 months. Plea Agreement at 4. The advisory Sentencing Guidelines Total Offense Level, as calculated in the Presentence Report ("PSR") (PSR at 31), however, suggests a sentence range of 24 – 30 months. The PSR recommendation is the low end of the Sentencing Guidelines range. PSR at 21.

The PSR's Guideline range varies from the Plea Agreement because of a difference in the calculation of Mr. Hill's criminal history. The PSR finds that Mr. Hill's Criminal History Category is III while the Stipulation contained in the Plea Agreement finds his Criminal History Category as II. Criminal History Category III yields a sentencing range for Mr. Hill of 24-30 months for Offense Level 15, whereas Criminal History Category II yields a sentencing range for Mr. Hill of 21-27 months.

The government has represented to Mr. Hill's counsel, however, that notwithstanding the higher Guidelines range calculated in the PSR that at sentencing the Government will take the position that a Guidelines sentencing range of 21 – 27 months is appropriate and will recommend a sentence in that range. In reliance upon the government's representation that it will adhere to the Guidelines range stipulated in the Plea Agreement and, upon review of the PSR's Criminal History Category calculation by the Mr. Hill and his counsel, Mr. Hill accepts the criminal history calculation Guidelines calculation

contained in the PSR but urges the Court to find that the appropriate Guidelines sentencing range is 21 – 27 months. Mr. Hill, moreover, urges the Court to impose a non-Guidelines sentence below this range based on 18 U.S.C. §3553(a), and considering the fact that most of the offenses contributing to the Criminal History Category calculation occurred many years ago.

Application of the Statutory<br>
<u>Sentencing Factors to the Facts of this Case</u>

The Supreme Court's holding in *United States v. Booker*, 125 S. Ct. 738 (2005), requires sentencing courts to treat the Guidelines as but one factor, among many sentencing factors. A sentencing court may no longer uncritically apply the Guidelines without regard to the express statutory mandate of 18 U.S.C. § 3553(a). *Booker* directs a court to consider all the factors set forth in § 3553(a). *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). The primary directive of § 3553(a) requires sentencing courts to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of criminal sanctions.

We respectfully submit that consideration of the factors set forth in § 3553(a) requires the Court to consider a statutory ("non-guidelines") sentence. In considering an appropriate sentence, therefore, we urge the Court to apply the statutory factors discussed below, which are especially important in determining the type and length of sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing.

We respectfully urge the Court to consider these factors in Mr. Hill's case, particularly in light of his personal and family circumstances, as reflected in the PSR and the letters submitted by family and friends that are filed with this submission.

While these factors do not diminish Mr. Hill's culpability for the offenses to which he has pleaded guilty, his circumstances justify the Court's exercise of its discretion in fashioning an

appropriate sentence.

The factors set forth in 18 U.S.C. § 3553(a) are discussed below as they apply to Mr. Hill.

**18 U.S.C. § 3553(a)(1):**
**<u>The History and Characteristics of the Defendant.</u>**

In recommending the low end of the Guidelines sentencing range found applicable in the PSR, the Probation Department "noted that during the presentence interview, Hill was very cooperative and forthcoming and presented himself in a very humble respectful manner." PSR at 32. This relatively unusual notation reflects Probation Department's recognition of Mr. Hill's personal characteristics that has enabled him to have a positive response to his arrest and incarceration in this case. During the approximately fourteen months since Mr. Hill voluntarily surrendered to the authorities and has been detained in the Metropolitan Correctional Center ("MCC") awaiting resolution of his case, he has had an opportunity to realize the magnitude of his criminal conduct and its effect on his family.

In his letter to the Court, filed as Exhibit C attached to this Memorandum, Mr. Hill has expressed awareness of the seriousness of his offense and regret for engaging in criminal conduct. Mr. Hill fully accepts responsibility for his conduct. Mr. Hill's past has not been without its troubles – his parents were divorced and there was resulting conflict and personal dislocation - but Mr. Hill is clear that his marijuana use negatively influenced his behavior, leading to his offense conduct in this case. He believes that his marijuana use is in the past and he can now live a productive life, supporting his loved ones emotionally and financially.

In his letter Mr. Hill emphasizes that his family is the most important factor to him. Exhibit C. Because of this Mr. Hill has been motivated to earn his GED diploma while detained at the MCC, in the interest of turning his life around and becoming employed after his release. Mr. Hill's Official Transcript of GED Tests Results dated 9/8/2012 is filed with this Memorandum as Exhibit A. Despite the difficult

conditions at the MCC Mr. Hill has worked hard, earning uniformly "Good" ratings in his Work Performance Rating for the major part of his period of detention at MCC Mr. Hill earned the comments, "Inmate Hill takes pride in his job. He does a full days [sic] work without interruption" and "Inmate Hill does outstanding work with a good attitude. He is very helpful to others."  Mr. Hill's Work Performance Rating is filed with this Memorandum as Exhibit B.

A primary feature of Mr. Hill's letter to the Court is that his incarceration for his offense has actually been a positive event because it has triggered his reassessment of his life and inspired him to take a more productive path.

Mr. Hill has highly supportive family and friends, as shown by the letters that are filed with this Memorandum as Exhibit D, pages 1 -25.  The primary characteristics described in the letters are that Mr. Hill is a dedicated father figure to his wife's children, raising them as his own, that he has good relationships with family and friends, that his family and friends are as disappointed in him as Mr. Hill is in himself for engaging in the offense conduct to which he has pleaded guilty.  From Mr. Hill's comments and those of his family, it is clear that he has a supportive environment waiting for him upon release, including good prospects for employment. Following is a summary of the main features contained in the comments contained in the letters.

His fiancé, Carmen Lugo, and her two children, who regard Mr. Hill as their father, desperately miss Mr. Hill.  (Exhibit D, pages 6-10). Carmen has known Mr. Hill since childhood; she describes Mr. Hill's difficult circumstances growing up and, more, recently, losing his father and sister. Most significantly, Carmen describes Mr. Hill's importance in the lives of her two children. Most relevant to Mr. Hill's current situation, Carmen describes how Mr. Hill faced the fact that he committed crimes, surrendered to authorities knowing he faced prison time and used his time in prison for self-improvement.

Carmen's two children (Exhibit D, pages 18-22) explain the important role Mr. Hill has played in their lives, emphasizing education, responsibility and self-respect. They miss the man they regard as their father and need him to come home to fulfill that role.

Similarly, Mr. Hill's brother, Ivan Hill (Exhibit D, pages 5-6) explains how Mr. Hill has helped keep their family together, Mr. Hill's optimistic attitude, and his good prospects for Mr. Hill's employment when he is released.

Mr. Hill's mother-in-law, Carmen Aquino (Exhibit D, pages 1-2), sister-in-law, Jessica Caballero (Exhibit D, pages 3-4), brother-in-law Daniel Lugo (Exhibit D, pages 11-13), nephew, U.S. Marine Jordan Ramos (Exhibit D, pages 14-15), echo the views of Mr. Hill's other family members, confirming his value to their family and his efforts to redeem himself after failing by committing serious offenses. Estrellita Vasquez (Exhibit D, pages 23-25) expresses similar views, emphasizing how much her children love and enjoy their Uncle Vance. Long time friend Dominique Robinson (Exhibit D, pages 16-17), praises Mr. Hill's good qualities of intelligence, humility and care for his family, affirming that she is making efforts to secure employment for Mr. Hill upon his release.

From these letters and Mr. Hill's own words and actions a picture emerges of a man who is remorseful for his misdeeds but redeemable, with an extremely supportive immediate and extended family, and good prospects for a positive adjustment once he is released from prison.

Mr. Hill urges the Court to take these factors into consideration in imposing sentence.

**18 U.S.C. § 3553(a)(1):**
**The Nature and Circumstances of the Offense and,**

**18 U.S.C. § 3553(a)(2)(A):**
**The Need for the Sentence Imposed to reflect the seriousness of the offense, to <u>promote respect for the law, and to provide just punishment for the offense.</u>**

In his letter to the Court, filed herewith as Exhibit C attached to this Memorandum, Mr. Hill fully

acknowledges the seriousness of the offense that he has committed and to which he has pleaded guilty. The PSR has focused on this factor to support its sentencing recommendation. PSR at page 32. Notwithstanding the seriousness of the offense, the need to promote respect for the law and to provide just punishment for the offense, the Department of Probation found it appropriate to recommend the low end of the Guidelines Sentencing range that it found applicable. Similarly, without in any way discounting these factors, Mr. Hill respectfully submits that consideration of the other statutory factors justify consideration of a sentence of 21 months or lower.

> **18 U.S.C. § 3553(a)(2)(B):**
> **The Need for the Sentence**
> **Imposed to afford adequate deterrence to criminal conduct.**

It is clear from Mr. Hill's demeanor in his interview with the Department of Probation, the remorse he has expressed in his letter to the Court, Exhibit C, and the other statutory factors, that a sentence of 21 months or lower will satisfy the need for his sentence to deter criminal conduct.

> **18 U.S.C. § 3553(a)(2)(C):**
> **The Need for the Sentence Imposed to**
> **protect the public from further crimes of the defendant.**

Given Mr. Hill's personal history and characteristics and the nature of his involvement in the criminal activity represented by his offense conduct, we respectfully submit that a prison term of 21 months or lower is sufficient to satisfy the statutory requirements of 18 U.S.C. § 3553(a)(2)(C).

> **18 U.S.C. § 3553(a)(2)(D): The Need for the Sentence Imposed to provide the defendant**
> **with needed educational or vocational training, medical care,**
> **or other correctional treatment in the most effective manner.**

We respectfully urge the Court to consider the fact that Mr. Hill has made positive use of his time in prison and is making efforts to come to terms with his criminal conduct.

7

**18 U.S.C. § 3553(a)(3)–(6): The Sentence Range established by the Commission and policies and other factors related to the Sentencing Guidelines.**

We respectfully submit that the Sentencing Range is appropriate in Mr. Hill's case although the other factors discussed in this Memorandum argue strongly for a sentence at its low end of 21 months or somewhat lower. Mr. Hill's Criminal History Category has increased his sentencing range significantly but his criminal past – the entire portion that is operating to elevate his Criminal History Category of III – took place a almost one decade or more ago. For this reason, we respectfully submit that his Criminal History Category overstates his exposure under the Sentencing Guidelines and the favorable factors outlined in this memorandum serve to justify a non-Guidelines Sentence that is moderately below the low end of the Guidelines range.

CONCLUSION

In light of the foregoing, we respectfully request the Court to impose a reasonable sentence that not only reflects Mr. Hill's level of culpability but also considers Mr. Hill's personal characteristics, family background, and post-arrest conduct in prison. We submit that under the § 3553(a) factors a sentence less than 21 months is justified. Such a sentence reflects all the sentencing factors and would allow Mr. Hill to rejoin his family with the purpose of establishing a productive life.

WHEREFORE, we respectfully urge the Court to sentence Mr. Hill to the least restrictive sentence of incarceration justified by the circumstances of this case.

Dated: February 18, 2013
      New York, New York

                               Respectfully submitted,

                               /s/ Robert J. Krakow

                               Robert J. Krakow
                               Law Office of Robert J. Krakow, P.C.
                               233 Broadway, Suite 2320
                               New York, NY 10279-2320
                               Office (212) 227-0600
                               Fax (888) 449-8529
                               rkrakow@krakowlawfirm.com

To: (ECF)

All Parties