UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

      -against-

LOREN GUZMAN,
               **Defendant.**
-------------------------------------------------------X

**Indictment**
11 Cr. 32 (PAE)

# DEFENDANT LOREN GUZMAN'S SENTENCING MEMORANDUM

George R. Goltzer
Attorney for Defendant
Loren Guzman
Office and P.O. Address
200 West 57th Street
Suite 900
New York, N.Y. 10019
Tel: (212/608-1260
Fax: (212) 980-2968

**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel. (212) 608-1260
Fax (212) 980-2968
grgoltzer@gmail.com

March 2, 2013

Re: *United States v. Loren Guzman*
11 Cr. 32 (PAE)

Hon. Paul A. Englemeyer
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
Via Fax: 212/805-7992

Dear Judge Englemeyer:

    This letter is respectfully submitted in anticipation of Loren Guzman's sentencing hearing, currently scheduled for March 15, 2013. The defense agrees with the Guideline calculations contained in the Presentence Investigation Report. I respectfully and strongly disagree with the recommendation of a twenty one month custodial sentence for this non violent first offender with a productive work history who supports his child, and will lose his right to remain in the United States. I respectfully recommend a sentence far below the advisory guideline range which will take into account the substantial mitigation present in this case.

    Presentence Reports in this District most often recommend a Guideline sentence even though the advisory Guideline is but one factor that the Court must consider. The parsimony clause of 18 U.S.C. § 3553(a) directs sentencing jurists to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposed set forth in" subsection (2) of the statute. *United States v. Ministro-Tapia*, 470 F.3d 137, 138 (2d Cir. 2006). In determining the sentence, the Court must consider the following "§ 3553(a) factors:"

- ♦    the nature and circumstances of the offense, § 3553(a)(1);

- ♦    the history and characteristics of the defendant, § § 3553(a)(1);

1

- ♦ the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, ; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed rehabilitative or other treatment, § 3553(a)(2);

- ♦ the Sentencing Guidelines and the sentencing range they provide, § 3553(a)(4), (5);

- ♦ the need to avoid unwarranted disparities in sentencing, § 3553(a)(6);

- ♦ the need to provide restitution to the victims of the offense, § 3553(a)(7).

18 U.S.C. § 3553(a).

By the terms of the plea agreement, Mr. Guzman is being held responsible for between 20 -40 kilograms of marijuana. Although the government has asserted cooperating witnesses claimed he dealt cocaine and guns, and that guns were stored in his apartment, those allegations are not part of his plea agreement or stipulated Guideline range. No contraband was found in his apartment when it was searched. Paragraph 52 of the presentence report describes his mere presence with someone who was arranging for someone else to sell a weapon, and Mr. Guzman, unlike other defendants, was never indicted for trafficking in firearms. The defense is not requesting a *"Fatico"* hearing on the issue.

There is substantial mitigation on the personal side of Mr. Guzman's ledger, including:

- no prior criminal record, as juvenile or adult;
- substantial and legitimate work history;
- support of child;
- relationship with child;
- non-violence;
- compliance with drug treatment;
- already having spent more than a year on electronic monitoring/home confinement;
- prospective banishment from his home in the United States, a sever sanction.

The advisory Guideline primarily addresses but two factors in this case, the weight of the drugs and criminal history. It ignores the remaining mitigation, which is substantial and ought be factored into the calculus of this sentence, a calculus which militates in favor of far less than twenty one months.

Mr. Guzman's will certainly not recidivate in the United States. His banishment assures that. As for general deterrence and avoiding disparity in sentencing, imposing a Guideline sentence is not necessary where Loren Guzman's removal from the United States, after being here since early childhood, is a stark lesson and warning to others about the high cost of involvement in the drug business, even at a relatively low level.

I take the liberty of including a passage from a summation of Clarence Darrow in the Leopold- Loeb murder case, a passage that has always resonated with me and I hope will resonate with Your Honor.

> I there is such a thing as justice it could only be administered by one who knew the inmost thoughts of the man to whom he was meting it out. Aye, who knew the father and mother and the grandparents and the infinite number of people back of him. Who knew the origin of every cell that went into the body, who could understand the structure and how it acted. Who could tell how the emotions that sway the human being affected that particular frail piece of clay. It means more than that. It means that you must appraise every influence that moves men, the civilization where they live, and all society which enters into the making of the child or the man! If Your Honor can do it- if you can do it you are wise, and with wisdom goes mercy.[1]

Thank you for your consideration of these remarks. I remain

Respectfully,

George R. Goltzer

cc: Office of United States Attorney
    Southern District
    Sarah Krisoff, Esq.
    Assistant U.S. Attorney
    Via ECF

GRG/ms

---

[1] Attorney For the Damned, Clarence Darrow in the Courtroom, Edited by Arthur Weinberg: University of Chicago Press (1957, 1989)