UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                                                                         11 CR 1032 (PAE)

    Against

JOSE CASTILLO

                Defendant.
_____

## JOSE CASTILLO'S SENTENCING MEMORANDA

                                                   Donald D. duBoulay
                                                   Attorney for Jose Castillo
                                                   401 Broadway, Suite 310
                                                   New York, New York 10013
                                                         (212) 966-3970

**Donald D. duBoulay**                                         401 Broadway, Suite 310
Attorney at Law                                                New York, New York 10013

Telephone: (212) 966-3970
Fax         : (212)941-7108
E-mail     : dondubesq@aol.com

                                                               March 17, 2013

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v .Jose Castillo
       11 Cr. 1032 (PAE)

Dear Judge Engelmayer:

    Jose Castillo, the defendant herein, is scheduled to appear before the Court for sentencing pursuant to his plea of guilty to two counts of the instant Indictment. He pleaded guilty in Count one to conspiring to participate in a Racketeering enterprise and pleaded guilty in Count two to conspiring to distribute and possess with intent to distribute Marijuana.

    Pursuant to the executed plea agreement in this matter which considered Mr. Castillo's offense relevant conduct and criminal history, an advisory sentence guideline range of 30-37 is arrived at per the United States Sentencing Guidelines.

    This letter is submitted to aid the Court in its determination of the appropriate sentence consistent with the statutory directives set forth in 18 U.S.C. 3553 (a). The overarching mandate of 18 U.S.C. 3353 (a)(1) is for consideration of the nature and circumstances of the offense and the history and characteristics of the defendant. This

2

provision provides that courts shall impose a sentence sufficient but not greater than necessary to comply with the purposes set forth therein.  We respectfully request that the Court impose a non-Guideline sentence of twenty two (22) months.

### The Presentence report

The presentence report in the sentence recommendation incorrectly states that Mr. Castillo was involved in a second assault which occurred on June 10, 2011 and is still pending in the Bronx. In fact the assault which is still pending in the Bronx is the charged assault in this Federal case which took place on November 21, 2010. Mr. Castillo was not arrested for that incident until June 10, 2011.  As stated herein the plea to the racketeering offense in this case includes that referenced assault and preempts the Bronx prosecution for the same offense. The Bronx prosecutors are aware of the plea in this case and are awaiting the sentencing here before dismissing the Bronx prosecution. There are no other objections to the presentence report.

### Jose Castillo's personal history

Like so many that appear before this court for sentencing, Jose Castillo is emblematic of an urban youth reared in less than ideal living conditions by a single mother; Castillo immigrated to the United States when he was thirteen years old.  He was not conversant in the English language and struggled in elementary school. After a brief period in grammar school he attended JFK high school, where he similarly underperformed. Unable to keep up with the schoolwork, and growing disaffected with school he dropped out after one year. In high school he was befriended by Jose Cruz, a Trinitario.  Searching

3

for a sense of belonging and acceptance he joined the Trinitarios. Although a member of the group he was not a weapon carrying or violently active member of the Group. He sold marihuana on street level on a block travelled by the Trinitatrio's.

The assault for which he stands convicted emanated from an encounter with a group which came with bat in hand to engage in a fight in Castillo's neighborhood. Castillo engaged in the fight and he is now convicted for that assault.

### Argument

**I.**     A Non guideline sentence is appropriate under 18 U.S.C. 3553

A sentencing judge has "very wide latitude" to decide the proper degree of punishment for an individual offender and a particular crime. See *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). When imposing sentence, the court is required to consider all of the factors set forth in 18 U.S.C. 3553(a), not just the guideline range. It must impose a sentence that is "sufficient, but not greater than necessary, "to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. 3553 (a) (2).

To arrive at such sentence, the Court is directed to consider, to the extent relevant: (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the kinds of sentences available; (3) the kinds of sentences and the sentence range established in the Sentencing Guidelines ; (4) any policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among

4

similarly situated defendants; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. 3553 (a) (1), (a) (3)-(7).

The Supreme Court has often stressed the advisory nature of the Sentencing Guidelines. As long as the district court considers them, it has vast discretion to fashion an individually tailored sentence in each particular case. See, e.g. *Nelson v. United States* 129 S.Ct. 890, 891 (2009) (per curiam) ("the Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable."); *Spears v. United States*, 129 S.Ct. 840, 841(2009) (per curiam) (sentencing courts can vary from the Sentencing Guidelines even where the case "presents no special mitigating circumstances").

Castillo was "a street seller of minimal amounts of Marihiuana and occasionally powder cocaine-the lowest level on the distribution chain. Not only did this make him the least significant member of the distribution chain, but the most likely to be arrested and convicted…" *United States v. Mishoe*, 241 F.3d 214, 217 (2d Cir. 2001). It is respectfully submitted that a reasonable sentence outside the sentence guideline would be appropriate in this case. Jose Castillo is not a major or even a mid-level drug dealer. Rather encumbered by youthful desire to be accepted, and accepting the mores of his environment, coupled with his need for funds to support his own habit, he engaged in the activity which eventually led to the acts which culminated in his plea of guilty in this case.

**Conclusion**

In the final analysis, after considering the sentencing guidelines and the 3553 (a)

factors, the Court is tasked with imposing a just sentence on the defendant. In the end, I recognize and respect that to whatever extent the evolution of the law permit's a court's discretion to fashion an appropriate sentence, such a decision is not an easy one for the court. I ask that the court consider that Mr. Castillo as a non-citizen will be deported after serving his sentence. As a result of his status he will not be eligible for early release from the penitentiary to a halfway house nor will he be eligible for many of the rehabilitation programs reserved for citizen inmates. The probation report notes that Castillo has lost 40 days of 'Good Time' as a result of allegedly smoking a cigarette in the facility, thus whatever sentence the court imposes is close to the actual time Castillo will serve, with no reduction for good time or halfway house release. Castillo was a low level street seller of drugs particularly susceptible to peer inducements to engage in this activity. Finally, I ask that the Court consider the significant loss that Castillo has suffered as a result of his actions. The loss of opportunity to make a life in these United States, and the final if not permanent separation from his mother and child when fashioning a sentence that tempers justice with mercy.

                                      Respectfully submitted,

                                      ___/s/_____
                                      Donald D. duBoulay

cc: Rachel Maimin AUSA (via ECF)
    Jose Castillo