**LAWRENCE A. DUBIN**
ATTORNEY AT LAW
401 BROADWAY-SUITE 306-NEW YORK, N.Y. 10013
917-543-0216
FAX (212)966-0588
E-MAIL: DUBINLARRY@AOL.COM
WWW.GOLDBERGERDUBIN.COM

MEMBER NEW YORK AND NEW JERSEY BAR

March 15, 2013

Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
500 Pearl Street,
New York, New York 10007

RE:  U. S. v. Luis Cabrera
     Case No.: S1 11CR 1032 (PAE)

Dear Judge Engelmayer:

I am writing this letter on behalf of my client Luis Cabrera one of the defendants in the above captioned matter who is scheduled to appear before the Court for sentencing on April 5, 2013. I have enclosed herewith five (5) letters, one by the Defendant, three written on his behalf by family members and one by his girlfriend.

Mr. Cabrera pleaded guilty to Counts 1 and 2 only, pursuant to a plea agreement with the Government. I think its telling, that the agreement sets his total offense level at 18 with a guideline range of 27 to 33 months.

Count I

Regarding Defendant's role in Count One, (the Racketeering Conspiracy), the Government pursuant to the Court's Order, dated July 11, 2012, submitted an enterprise letter dated August 1, 2012 notifying defendant of the violent acts in which the Government alleges he took part.

Paragraph 48 of said letter refers to an assault in or about the summer of 2011 in the vicinity of 225th Street and Marble Avenue in the Bronx on individuals who had insulted the Trinitarios. However, the Government made clear that Hugo Almonte and Ballenilla were the primary assailants. The defendant was more of a spectator than a participant.

Paragraph 49 of the enterprise letter describes an assault on or about September 10, 2011 in the vicinity of 225th Street and Bailey Avenue in the Bronx in which numerous members of the BLOODS, fought with members of the Trinitarios (at least eight are mentioned) concerning control over Gonzalez's drug territory. No mention is made of the use of or the brandishing of firearms or other dangerous weapons. It appear that the defendant took part in a fistfight against members of a rival gang.

Count II

Defendant's drug trafficking activities:

On two occasions (September 8, 2011, and September 13, 2011), the defendant participated in the sale of $100 worth of marijuana to an undercover detective. On the first occasion the undercover detective approached the defendant and asked for marijuana. The defendant called a third party who gave the marijuana to the detective. On the second occasion the detective contacted the defendant by calling the cell phone number he had been given during the previous purchase. Rodriguez subsequently sold the marijuana to the detective. I don't mean to argue that this wasn't jointly undertaken criminal activity by the defendant, but he essentially played the part of a steerer, pointing the detective to the source of the drugs.

What's troubling to me about this case is that the young man I have come to know is not the sort of person who belongs in a case like this, one which charges him with very serious crimes. Having said that, he has pled guilty and fully accepted responsibility for his role and conduct.

But I don't think it's inaccurate to say that he was only peripherally involved in the activities of the Bronx Trinitarios.

When he first came to the United States Luis spent a short stint living with his father and the father's girlfriend. When that didn't work out he and his younger sister moved in with his older sister Wendy Cabrera. When Wendy moved to Mt. Vernon with the younger sister, Luis was left alone, set adrift so to speak to fend for himself. Since his father had left the Dominican Republic when Luis was a small child, Luis never really developed a relationship with him. The man was never there to guide his son, to set an example for how to live a proper life, to guide Luis through the often difficult situations which arise for a young man growing up in the Bronx.

Unfortunately, there are parts of this city which are virtual war zones that are ruled by street gangs like the Bronx Trinitarios and other such organizations. It's not uncommon for innocent civilians to be accidently gunned down by warring factions of these gangs. When Wendy Cabrera moved to Mt. Vernon, Luis lived alone in a rented room in a neighborhood like the one described above. There was no one there to exercise moral suasion over him. And so by age eighteen Luis had fallen under the influence of certain members of the Bronx Trinitarios and became a member himself.

The Defendant has no criminal record and has never been in trouble with the law before. At age sixteen (16) he was working part time in McDonalds to help his sister pay the rent. And he's continued to work to this day to support himself.

His conduct since he entered his guilty plea constitutes a remarkable rehabilitation effort; one which I would characterize as exceptional.

He's enrolled at ASA Community College studying computer programming and information technology in an effort to equip himself for a job in our new and ever changing economy. He's still working after school as a life guard for a private health club, Iowa Sports,

located at 105 Duane Street, and on weekends for the same company, Iowa Sports, Riverplace, at 650 West 42nd Street.

I have spoken to Leo Barriors, Luis' Pre-Trial Service Officer who has been kind enough to share his thoughts with me, many of which mirror my own.

Luis Cabrera is a kind, gentle inherently decent human being. That's the common thread that runs throughout the letters submitted on his behalf.

If Your Honor sentences the Defendant to a period of incarceration in excess of one year he almost certainly will be deported. As it is, the odds are against him. More troubling is that once in prison he will be exposed again to the Trinitarios, an organization as Your Honor knows which came into existence in prison. Since the defendant is not eligible for probation because the instant offense is a Class A felony, pursuant to 18 U.S.C. 3561(a)(1), I would ask that you impose a sentence within a range of one to six months, of home confinement with a recommendation to the Immigration and Naturalization Service that he be permitted to remain in the United States.

Respectfully submitted,

*Lawrence Dubin*

Lawrence Dubin, Esq.