UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| | X |
| UNITED STATES OF AMERICA, | NOTICE OF MOTION FOR |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

UNITED STATES OF AMERICA,                    NOTICE OF MOTION FOR
                                             DISCLOSURE OF *BRADY* MATERIAL
            V.                               AND DISCOVERY
                                    X
RAMON LIZARDI,                                 Docket No. 11-cr-1032 (PAE)
            Defendant
                                    X
_____

        PLEASE TAKE NOTICE that, upon the attached affirmation of defense counsel, Russell
T. Neufeld, Ramon Lizardi, defendant in the above captioned case, will move this Court, the
Honorable Paul A. Engelmayer, Southern District of New York, 40 Foley Square, New York,
New York, at a date and time to be set by the Court, pursuant to the Fifth, Sixth and Eighth
Amendments to the United States Constitution, for an order granting the disclosure of material
pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and 18 USC Section 3592(a); and discovery
pursuant to Rule 16 of the Federal Rules of Criminal Procedure.


Dated: New York, New York
        July 16, 2013


                                        Respectfully submitted,


                                        By: _Russell T. Neufeld_
                                        Russell T. Neufeld
                                        99 Hudson street- 8th Floor
                                        New York, NY 10013
                                        (646) 613-8359

                                        William T. Easton
                                        16 West Main Street
                                        Rochester, NY 14614
                                        (585) 423-8290

TO: AUSAs Sarah Krissoff, Jessica Ortiz
      United States Attorney's Office
      Southern District of New York
      1 Saint Andrew's Plaza
      New York, NY 10007

      All counsel by ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
                                                    X
UNITED STATES OF AMERICA,

                                                                    AFFIRMATION
            v.                              X       Docket No. 11-cr-1032 (PAE)

RAMON LIZARDI,
            Defendant
                                                    X
_____

            Russell Neufeld, an attorney duly authorized to practice in this court, affirms as
follows:

1.      I, along with William Easton, represent Ramon Lizardi on the above captioned capital
case.

2.      In order to prepare to defend this case, and in particular, to prepare a mitigation submission
as part of the Attorney General's death penalty authorization decision process, we have submitted
four letters demanding and requesting disclosure pursuant to *Brady v. Maryland,* 373 U.S. 83
(1963); 18 USC Section 3592; and Rule 16 of the Federal Rules of Criminal Procedure (Exhibits
1 - 4, attached). Following several conversations and meeting with the government, several of the
issues raised in our letters remain unresolved.

3.      The first letter, dated February 21, 2013 (Exhibit 1), referenced statements made by Ramon
Lizardi in 2006 to law enforcement during custodial interrogation about the Miguel Perez
homicide (the homicide with which Lizardi is charged in the instant indictment). To date, the
government has not furnished these statements which are clearly discoverable under F.R.C.P. 16
(1) (A) and (B). Ramon Lizardi's interrogation was conducted in the presence of his then
attorney, Justin Levine, who has confirmed the occurrence. The government has stated that they
have been unable to locate these statements.[1]

4.      The second letter, dated March 13, 2013 (Exhibit 2), was sent shortly after the status

_____

[1] The second item in the February 21st letter was a statement given to the police by Herrik
Ventura. The statement was made in connection with the arrest of Ventura, Lizardi and co-
defendant Lewis Santos for the possession of the gun which the government contends was the
murder weapon in the Perez homicide. At the time of the February 21st letter, we stated that the
Ventura statement was thought to exonerate Lizardi, by stating that the gun belonged to Santos.
This would clearly be exculpatory evidence and fall under *Brady.* The government did not
provide us with this statement. However, we were subsequently able to obtain the statement from
Ventura's attorney and informed the government of this and that the statement did, in fact,
exonerate Lizardi.

conference held on that day, wherein the government represented that they would promptly respond to any defendant's request for material relevant to mitigation. Our letter pointed out that mitigation information is *Brady* information and made a general demand for all *Brady* material, as well as referencing the specific mitigation categories of 18 USC Section 3592. The letter, also, asked for any information concerning Ramon Lizardi's renunciation of participation in the Trinitarios communicated to Jose Cruz on March 3, 2006 and the subsequent altercation between Lizardi and Cruz, stemming from Lizardi's renunciation. On July 8, the government sent a letter to all counsel concerning participants in the charged homicides, including that of Miguel Perez, who are not facing the death penalty. Aside from that, the government has not responded to any of the issues raised in our March 13th letter, save to orally tell counsel that Jose Cruz has stated that Ramon Lizardi participated in the Trinitarios after the dates of the incidents in question. The government has not responded to the specific allegations raised by the defense.

5.      The third letter, dated April 30, 2013 (Exhibit 3), concerned a 2011 phone conversation between an informant at the MCC with Ramon Lizardi, wherein Lizardi told the informant that he was no longer in touch with any of the Trinitarios. The government has orally responded to this request by stating that the B.O.P. does not keep phone recordings for that length of time. However, they did not say weather the FBI or other law enforcement, which, presumably, initiated the call, had any record of its content.

6.      The fourth letter, dated May 20, 2013 (Exhibit 4), asked for the report on the line-up that Ramon Lizardi was placed in, in relation to the Miguel Perez homicide, in 2006. The letter stated that Ramon Lizardi was not identified in the line-up as a participant in the Perez homicide; which is borne out by the fact that he was not charged with the murder at that time. The government has stated that they have not found any report of this line-up.

## ARGUMENT

7.      Ramon Lizardi's right to the materials he seeks, both as discovery and as *Brady,* is heightened because this is a capital case. "Consistent with the heightened concern for fairness and accuracy that has characterized our review of the process requisite to the taking of human life...the fact finder must 'have before it all possible relevant information about the individual defendant whose fate it must determine.'"*Ford v. Wainwright,* 477 U.S. 399, 413(1986)(Quoting *Jurek v. Texas*, 428 U.S. 262, 276 (1976)(plurality opinion)). *Brady* material by definition includes anything relevant either to guilt or punishment. Since, by statute (18 USC Sec. 3592(a)(8), the decision of whether or not to impose capital punishment can be affected by any and all mitigating evidence, what constitutes *Brady* material is much broader than in a non-capital context. "[V]irtually no limits are placed on the relevant mitigating evidence a capital defendant may introduce as to his own circumstances." *Eddings v. Oklahoma*, 455 U.S. 104, 112(1982). Thus any material known to any criminal justice agency that could have a bearing on mitigating the death penalty is *Brady* material. *Kyles v. Whitley*, 514 U.S. 419 (1995). Capital defendants are entitled to disclosure of such materials in the pre-authorization stage of a prosecution. *U.S. v. Karake*, 281 F. Supp. 2d 302, 307-308 (D.D.C. 2003)(Government obligated to produce mitigating information, specifically including varying culpability of co-defendants and co-conspirators at pre-authorization stage); *U.S. v. Perez*, 222 F. Supp. 164, 168 (D. Conn.

2002).

8.      Ramon Lizardi is entitled to all the requested, but not disclosed, material by virtue of either or both, Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*. The statements made by Ramon Lizardi in response to questioning about the Miguel Perez homicide were made in the presence of Lizardi's then attorney and while Lizardi was in custody on other charges. These statements are clearly discoverable under FRCP 16 (a)(1)(A) and (B). The government does not contest this, but only states that it has not yet located the material, first requested over four months ago.

9.      The record of the line-up in which Ramon Lizardi was not identified as a participant in the Perez homicide falls both under FRCP 16 (a)(1)(E) as a document material to preparing the defense and under *Brady*, as both evidence of non-guilt and significant mitigation to be presented in Mr. Lizardi's submission to the Attorney General in opposition to the government seeking the death penalty. Again, the government has not objected to this disclosure, but has stated that it has not located the report.

10.     Ramon Lizardi's renunciation of participation in the Trinitarios in March of 2006 is relevant both as mitigation and as a possible statute of limitations defense to the non-capital charges he faces in this indictment.  His 2011 phone conversation with the government informant would serve to corroborate his renunciation.

11.     18 USC Section 3592 lists seven specific mitigating factors in a capital case, plus an eighth, catch all, "other factor" category. The defense letter of March 13 specifically asked about four of the statutory mitigating factors: duress; minor participation in any of the charged counts; equally culpable participants, not facing the death penalty; and the absence of criminal convictions prior to the charged homicide. Since the government has only responded concerning the other participants factor, it has not met its obligations under *Brady*. For example, information under statutory mitigating factor 3, minor participation, is extremely relevant here. The government has charged six defendants with the murder of Miguel Perez. In addition, it has stated that an additional individual participated in the homicide who is not facing the death penalty. The discovery provided thus far indicates that there were three individuals who participated in the actual shooting and the defendant, Lenin Morel is alleged to be the actual shooter. These facts give rise to an inference that at least some of those charged in the Perez homicide played a minor role. Given that Ramon Lizardi was not identified in a line-up by one or more eye-witnesses to the Perez shooting, given that the defense has provided the government with evidencethat the murder weapon did not belong to Lizardi, but to a co-defendant, and given that Ramon Lizardi is not included in the Notice of Special Sentencing Factors, relating to the Perez homicide (Indictment S-5, para. 76), the government's response concerning the presence of the minor role mitigating factor is extremely relevant.

## CONCLUSION

For all the above reasons, Defendant Ramon Lizardi requests this Court grant this motion for discovery and *Brady* material or, in the alternative, grant a hearing to determine any of the

issues raised.

Russell T. Neufeld
Counsel for Ramon Lizardi
99 Hudson Street - 8th Floor
New York, NY 10013

EXHIBIT 1

# Russell T. Neufeld
### Attorney at Law

February 21, 2013

AUSA Nola B. Heller
AUSA Jessica Ortiz
AUSA Rachel Maimin
AUSA Sarah Krissoff
United States Attorney's Office
Southern District of New York
1 Saint Andrew's Plaza
New York, NY 10007

      Re: *United States v. Leonides Sierra et al. (Lizardi)*
          11-cr-1032 (PAE)

Dear AUSA's Heller, Ortiz, Maimin and Krissoff:

    This is a request for discovery pursuant to Federal Rules of Criminal Procedure, Rule 16 (a) and (a)(B), and a demand/request for disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). The discovery request is for our client, Ramon Lizardi's statements, during custodial interrogation, given to law enforcement in 2006, concerning the Miguel Perez homicide.

    The *Brady* demand/request is for the statement of Herrick Ventura, made to the NYPD on January 5, 2006. The statement was made in connection with the arrest of Ventura, Ramon Lizardi and Lewis Santos for the possession of the weapon which the government contends was the weapon used in the Miguel Perez homicide. It is believed that on the date of the arrest, Herrick Ventura stated that the gun belonged to Lewis Santos.

    Thank you for your attention to this request.

                Yours truly,

                Russell Neufeld
                William Easton
                Counsel for Ramon Lizardi

EXHIBIT 2

# Russell T. Neufeld
Attorney at Law

March 13, 2013

AUSA Nola B. Heller
AUSA Jessica Ortiz
AUSA Rachel Maimin
AUSA Sarah Krissoff
United States Attorney's Office
Southern District of New York
1 Saint Andrew's Plaza
New York, NY 10007

Re: *United States v. Leonides Sierra et al. (Lizardi)*
11-cr-1032 (PAE)

Dear AUSAs Heller, Ortiz, Maimin and Krissoff:

This is a demand/request for disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Please provide us with any information in your possession or the possession of law enforcement that would mitigate a sentence of death for Ramon Lizardi. Since *Brady* material must be disclosed in a manner sufficiently timely for the defendant to make effective use of it, please disclose this information promptly, so it can be evaluated and investigated for possible use in Mr. Lizardi's mitigation submission to your office and the Attorney General..

Please provide any information relevant to mitigating a sentence of death pursuant to 18 USC section 3592, particularly including duress; minor participation in either the charged homicide or the other criminal counts; any equally culpable defendants in any counts of the original or superceding indictments, or any unindicted participants in any of the charged criminal activity, who will not be punished by death; and the absence of criminal convictions prior to the charged homicide.

Additionally, please provide any information concerning Ramon Lizardi's communication of refusal to participate in any Trinitarios activities to Jose Cruz on March 3, 2006 at the NYC Department of Correction  GRVC facility on Rikers Island or the subsequent altercation in the same DOC facility between Ramon Lizardi and Jose Cruz, stemming from the prior act of withdrawal and resignation by Ramon Lizardi.

Thank you for your attention to this request.

Yours truly,

Russell Neufeld
William Easton
Counsel for Ramon Lizardi

EXHIBIT 3

# Russell T. Neufeld
Attorney at Law

April 30, 2013

AUSA Sarah Krissoff
AUSA Jessica Oetiz
AUSA Rachel Maimin
United States Attorney's Office
Southern District of New York
1 Saint Andrews Plaza
New York, NY 10007

Re: *United States v. Leonides Sierra et al (Lizardi)*
    11-cr-1032 (PAE)

Dear AUSA's Krissoff, Ortiz and Maimin:

This is a request/demand for discovery pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963). This information is in support of both Mr. Lizardi's mitigation submission to the government as well as a defense to his charges. Please disclose any recording or transcript of recording of a conversation between a confidential informant/cooperating witness known as "Joselito" housed at MCC - 7 North. In 2011 this individual placed a 3-way call to Ramon Lizardi, supposedly originating from the MCC. Joselito asked Lizardi if Lizardi was in touch with several members of the Trinitarios. Lizardi replied that he was no longer in touch with the Trinitarios. This conversation will support my client's defense and mitigation of withdrawal and resignation.

Yours truly,

Russell Neufeld
Counsel for Ramon Lizardi

EXHIBIT 4

# Russell T. Neufeld
## Attorney at Law

May 20, 2013

AUSA Sarah Krissoff
AUSA Jessica Ortiz
AUSA Rachel Maimin
United States Attorney's Office
Southern District of New York
1 Saint Andrew's Plaza
New York, NY 10007

    Re: *United States v. Sierra et al (Lizardi)*
     11-cr-1032 (PAE)

Dear AUSA's Krissoff, Ortiz and Maimin:

   This is a request/demand for discovery pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). This information is needed both for Mr. Lizardi's mitigation submission to the government prior to the Attorney General's death penalty authorization decision, as well as as a defense to his charges. Please disclose the report on the line-up in which Ramon Lizardi appeared in connection with the Miguel Perez homicide in 2006. Our understanding is that Mr. Lizardi was not identified as a participant in the homicide, in that line-up.

     Yours truly,

     *Russell Neufeld*

     Russell Neufeld
     William Easton
     Counsel for Ramon Lizardi