

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York  10007*

July 19, 2013

**BY E-MAIL**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Sierra,* S5 11 Cr. 1032 (PAE)

Dear Judge Engelmayer:

      The Government respectfully submits this letter in response to the Court's Order dated July 12, 2013 (the "Order") directing the Government to set out its views as to which group of the Murder Defendants should be tried first, and why.  The Court also welcomed the Government's view as to other options for an early trial, the approximate length of each such trial and preliminary views as to the logical sequencing of trials among the Murder Defendants.

      As the Court noted in the Order, since the inception of this case, the Court has committed to trying no more than approximately five defendants at one time.  The Government agrees that this approximate number of defendants is a fair number of defendants to be tried at one time.  However, the Government is not in a position to identify specifically which Murder Defendants should proceed to trial at a specific time due to a number of reasons set forth below.  The Government respectfully requests that the Court adjourn setting a trial date until the November 1, 2013 conference.  However, if the Court is inclined to set a trial date in the near future, the Government would respectfully suggest that the Court set the first trial date in the spring of 2014 with subsequent trials to be set at 6 week intervals thereafter.

      With respect to identifying which Murder Defendants should be tried first or the logical sequencing of trials, the Government believes that there are many factors that make such an exercise hypothetical and premature.  First, the four defendants requesting a trial have not made a motion to sever and while the Government understands the Court's desire to set a trial date and certain defendants desire to have a date certain for the commencement of their trial, such a severance should be done after the Government has had the opportunity to respond to the merits of any such severance. As the Court is aware, the Supreme Court has made plain that there is a "preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see* Fed. R. Crim. P. 8(b).  This preference reflects a settled precept in criminal law. "Joint trials play a vital role in the criminal justice system.  They promote efficiency and serve the interests of justice by avoiding the scandal

and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537 (citing and quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987))(internal citations and quotes omitted).  Joint trials of defendants indicted together also serve to "conserve prosecutorial resources, diminish inconvenience to witnesses, and avoid delays in the administration of criminal justice." *Richardson*, 481 U.S. at 217.  Such a severance should only be granted after a full and fair consideration of the facts rather than solely on the basis of speculation that some defendants will receive a decision regarding the death penalty process earlier than others.

   Second, none of the Murder Defendants who has been charged with a capital offense has received a decision from the Attorney General regarding the death penalty.  Since no decisions on this vital issue have been reached, the parties have not been able to proceed with typical pre-trial activities.  Defendants have not identified nor filed pre-trial motions, nor has a briefing schedule for any such motions been set.  In addition, the Government has not been able to – nor is it authorized to – engage in any plea discussions with an eye toward potential disposition with any of the Murder Defendants potentially facing the death penalty.  Once the Attorney General makes a determination regarding the death penalty, the Government can proceed to engage in such discussions.  The Government believes that there is a high likelihood of numerous pre-trial dispositions among the Murder Defendants and that these dispositions will naturally impact the grouping of trial defendants.

   Waiting until November 1, 2013 to set a trial date will not prejudice any of the Murder Defendants.  While the defendants have been incarcerated for some time, they are each charged with very serious crimes.  At that time, the Government expects to have a decision from the Attorney General regarding the death penalty as to three of the four defendants who have requested a trial date.  There may well be other defendants as to whom a decision has been made by that date or will be forthcoming shortly thereafter.  As the Government indicated at the conference held on July 12, 2013, the Government is attempting to expedite the capital case review process for several of the remaining defendants, in which case a decision could be rendered by the end of 2013.  If this is the case, a discussion regarding a trial date at the November 1, 2013 conference will be much more fruitful and based not on hypothetical but rather discernable facts.

   Should the Court opt to set a trial date prior to the November 1, 2013 conference date, the Government would respectfully request that the first trial be set for the spring of 2014 and that the defendants be identified at a later time as set forth below.  Assuming that there is a decision regarding the death penalty as to some defendants by November 1, 2013, the Government anticipates that a briefing schedule set at the November 1, 2013 conference would require 75 to 90 days for full briefing.  If there were motions that require evidentiary hearings, such hearings could be scheduled in or about February 2014.  Furthermore, allotting some time for submission and decision of motions *in limine* and plea discussions that would save the parties from unnecessary trial preparations in light of pretrial dispositions, dictate that a first trial could take place in April 2014.  The Government proposes to identify which defendants it believes should be tried together 90 days prior to the scheduled trial, taking into account the conduct

defendants are charged with, whether there has been a decision regarding the death penalty, and other factors that are appropriate. This could be followed by any motions *in limine* including motions to sever based on the Government's proposed grouping. Finally, the Government notes that should defendants have an opportunity to go to trial in April 2014, that would be less than 30 months after the arrest of the defendants charged in December 2011 and less than 18 months after the arrest of the defendants charged in December 2012. Based on the Government's experience, this pretrial period is consistent with the time that has been faced by other individual defendants who are charged with RICO and a death eligible offense, notwithstanding the number of murders and defendants in this case and the fact that some defendants in this case are charged with multiple death eligible offenses, which combined is unprecedented.

Should the Court wish to set additional trial dates beyond the first trial date, the Government would request that subsequent trials be set at 6 week intervals after the first trial date. The Government adopted this suggestion from the Honorable William H. Pauley in two large multi-defendant trials. In *United States v. Meregildo, et al.*, 11 Cr. 576, a case with 16 defendants and *United States v. Weaver, et al.*, No. 09 Cr. 1056, a case with 39 defendants, the Court scheduled a series of trial dates and advised all counsel that they were to be available for the duration of the trials.

Thank you for your consideration of this matter.

                PREET BHARARA
                United States Attorney

By:     /s/
      Sarah R. Krissoff / Jessica Ortiz / Nola Heller
      Assistant United States Attorneys
      Tel.: (212) 637-2300

cc: Counsel of record for Murder Defendants (via e-mail)