E8DJSTRP                          Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                           S5 11 Cr. 1032 PAE

5    MIGUEL STRONG,

6                   Defendant.

7    ------------------------------x

8

9                                          August 13, 2014
                                           2:22 p.m.
10

11

12   Before:

13                    HON. PAUL A. ENGELMAYER,

14                                          District Judge

15

16                         APPEARANCES

17

18   PREET BHARARA,
          United States Attorney for the
19        Southern District of New York
     RACHEL MAIMIN,
20        Assistant United States Attorney

21   KARAHNI NKRUMAH,
          Attorney for defendant Strong

22

23   Also Present:
          JAMES HONTORIA,
24        Certified Spanish Interpreter

25

E8DJSTRP                          Plea

1             (In open court)

2             (Case called)

3             THE COURT:  Good afternoon to you, Mr. Strong.

4             Mr. Nkrumah, I have been informed your client wishes

5     to plead guilty to Count 2 of the superseding indictment in

6     this case.  Is that correct?

7             MR. NKRUMAH:  That is correct, your Honor.

8             THE COURT:  Mr. Strong, is that correct, that you wish

9     today to plead guilty to Count 2 of the indictment in this

10    case?

11            THE DEFENDANT:  Yes, your Honor.

12            THE COURT:  Before accepting your guilty plea, I am

13    going to ask you certain questions so that I can establish to

14    my satisfaction that you wish to plead guilty because you are

15    guilty and not for some other reason.  If you don't understand

16    any of my questions or you'd like a further opportunity to

17    consult with your attorney, will you please let me know?

18            THE DEFENDANT:  That's right.

19            THE COURT:  Will you let me know if you don't

20    understand any of my questions?

21            THE DEFENDANT:  Okay.

22            THE COURT:  Are you able to speak and understand

23    English?

24            THE DEFENDANT:  A little bit.

25            THE COURT:  As you can see, we have here a Spanish

1  interpreter who is court certified to assist you today.  Will

2  you please let me know if you have any difficulty understanding

3  what the interpreter is saying?

4            THE DEFENDANT:  No problem.

5            THE COURT:  Will you please let me know if you have

6  any problems understanding what the interpreter is saying?

7            THE DEFENDANT:  That's right.

8            THE COURT:  Ms. Hummel, would you please kindly place

9  the defendant under oath.

10            (The defendant was duly sworn)

11            THE COURT:  Mr. Strong, do you understand that you're

12  now under oath and that if you answer any of my questions

13  falsely, your answers to my questions may be used against you

14  in another prosecution for perjury?

15            THE DEFENDANT:  Yes.

16            THE COURT:  What is your full name?

17            THE DEFENDANT:  Miguel Strong.

18            THE COURT:  How old are you?

19            THE DEFENDANT:  24.

20            THE COURT:  How far did you go in school?

21            THE DEFENDANT:  Up to 9th grade.

22            THE COURT:  Where was that?

23            THE DEFENDANT:  In the Bronx.

24            THE COURT:  What school?

25            THE DEFENDANT:  Kennedy.

E8DJSTRP                         Plea

1          THE COURT:  Have you ever been treated or hospitalized

2    for any mental illness?

3          THE DEFENDANT:  No, but I have seen a psychologist.

4          THE COURT:  That was my next question.

5          My next question to you was going to be are you now or

6    have you recently been under the care of a doctor or a

7    psychiatrist?  You indicated you've seen a psychologist.  Can

8    you tell me when that was?

9          THE DEFENDANT:  At the jail where I am.  I am under

10   the care of a psychologist.

11         THE COURT:  Are you at the MDC?

12         THE DEFENDANT:  Yes.

13         THE COURT:  How long have you been under the care of a

14   psychologist at the MDC?

15         THE DEFENDANT:  I have been seeing him for nine

16   months.

17         THE COURT:  What is the reason you have been seeing

18   the psychologist, for what condition or for what purpose?

19         THE DEFENDANT:  Because some medication I was taking

20   in the streets.

21         THE COURT:  Because?

22         THE INTERPRETER:  Medication I was receiving in the

23   streets.

24         THE COURT:  Are you currently taking any medication?

25         THE DEFENDANT:  Yes.

E8DJSTRP                     Plea

1           THE COURT:  Was that prescribed by the psychologist?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Do you know what medication that is?

4           THE DEFENDANT:  No.

5           THE COURT:  Do you know what the medication is

6     intended to treat?

7           THE DEFENDANT:  I believe it is for depression.

8           THE COURT:  When was the last time you took the

9     medication to address your depression?

10          THE DEFENDANT:  Today around 4:00 in the morning.

11          THE COURT:  Other than the medication that you've

12    taken for depression, have you taken any other drugs, medicine

13    or pills in the last 24 hours?

14          THE DEFENDANT:  Yes, the one to go to sleep.

15          THE COURT:  You took some sleeping pill last night, is

16    that what you're saying?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you know what sleeping pill that is?

19          THE DEFENDANT:  No.

20          THE COURT:  The reason I'm asking you these questions

21    is to make sure that you have a clear head today.  The sleeping

22    pill that you take, does that affect your ability to function

23    the following day?

24          THE DEFENDANT:  No.

25          THE COURT:  What about the pills you take, the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    medicine you take for depression, does that affect your ability

2    to understand, to communicate or to make decisions?

3                THE DEFENDANT:  No.

4                THE COURT:  Is your mind clear today?

5                THE DEFENDANT:  Yes.

6                THE COURT:  Do you understand what's happening in this

7    proceeding?

8                THE DEFENDANT:  Yes.

9                THE COURT:  Do you have any confusion at all about

10   what is happening here today?

11               THE DEFENDANT:  No.

12               THE COURT:  Do you feel fully energetic and alert?

13               THE DEFENDANT:  Yes.

14               THE COURT:  Thank you.

15          Mr. Nkrumah, do you have any doubt as to your client's

16   competence to plead at this time?

17               MR. NKRUMAH:  No, I do not, your Honor.

18               THE COURT:  May I ask you to just briefly put on the

19   record some statement as to the extent of contact you've had

20   with your client so that I can form a firm basis as to your

21   ability to determine whether or not your client is fully with

22   it today.

23               MR. NKRUMAH:  Your Honor, I have been Mr. Strong's

24   counsel from the onset of this case which began in 2011.  I

25   have met with Mr. Strong on numerous occasions.  My last

E8DJSTRP                        Plea

 1   contact with Mr. Strong was on Monday, with which we discussed

 2   the plea, the plea allocution.  We discussed the plea and the

 3   process of the plea, where the court was going to ask him

 4   questions and so forth.  He was alert then and I believe he is

 5   alert now.

 6          THE COURT:  Based on your extended contact with your

 7   client, I take it you have no doubt about your client's

 8   competence to plead at this time?

 9          MR. NKRUMAH:  No doubt at all.

10          THE COURT:  Ms. Maimin, do you have any doubt as to

11   the defendant's competence to plead?

12          MS. MAIMIN:  No.

13          THE COURT:  I have questioned the defendant at unusual

14   length today just to make sure that the defendant is competent

15   to plead guilty.  His responses to me were direct and clear.

16          Based on the responses to my questions, based on his

17   demeanor as he appears before me, based on the substance of his

18   answers and as corroborated by counsels' independent

19   assessments, I find the defendant is competent to enter a plea

20   of guilty at this time.

21          Mr. Strong, have you had a sufficient opportunity to

22   discuss your case with your attorney?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Have you had a sufficient opportunity to

25   discuss the charge to which you intend to plead guilty, any

E8DJSTRP                     Plea

1   possible defenses to that charge and the consequences of

2   entering a plea of guilty?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Are you satisfied with your attorney's

5   representation of you, including your attorney's representation

6   in connection with reaching this plea agreement?

7           THE DEFENDANT:  Yes, I am satisfied.

8           THE COURT:  I am now going to explain certain

9   constitutional rights that you have.  You'll be giving up these

10  rights if you enter a plea of guilty.

11          Under the Constitution and laws of the United States,

12  you're entitled to a speedy and a public trial by a jury on the

13  charge contained in the indictment.  Do you understand that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  At that trial you would be presumed to be

16  innocent, and the government would be required to prove you

17  guilty by competent evidence and beyond a reasonable doubt

18  before you could be found guilty.  You would not have to prove

19  that you were innocent, and a jury of twelve people would have

20  to agree unanimously that you were guilty.

21          Do you understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  At that trial and at every stage of your

24  case, you would be entitled to be represented by an attorney.

25  If you could not afford one, one would be appointed to

E8DJSTRP                    Plea

1   represent you free of charge.  Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  During the trial the witnesses for the

4   government would have to come to court and testify in your

5   presence, and your lawyer could cross-examine the witnesses for

6   the government, object to evidence offered by the government,

7   and if you desired, issue subpoenas, offer evidence and compel

8   witnesses to testify in your behalf.

9              Do you understand that?

10             THE DEFENDANT:  Yes.

11             THE COURT:  At a trial, although you would have the

12  right to testify if you chose to do so, you would also have the

13  right not to testify, and no inference or suggestion of guilt

14  could be drawn from the fact that you did not testify, if that

15  was what you chose to do.

16             Do you understand that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  At trial the government would have to

19  prove each and every part or element of the charge beyond a

20  reasonable doubt for you to be convicted of that charge.  Do

21  you understand that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you understand if you were convicted at

24  a trial, you would have the right to appeal that verdict?

25             THE DEFENDANT:  Yes.

E8DJSTRP                          Plea

1          THE COURT:  Even at this time, right now, even as

2     you're in the process of entering this plea, you have the right

3     to change your mind, plead not guilty and go to trial.  Do you

4     understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  If you plead guilty and I accept your

7     plea, you'll give up your right to a trial and the other rights

8     that I have just described.  There will be no trial and I will

9     enter a judgment of guilty and sentence you on the basis of

10     your guilty plea after considering the submissions related to

11     sentencing that I receive from you, your lawyer and the

12     government, as well as a presentence report prepared by the

13     Probation Department.

14          Do you understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  If you plead guilty, you'll also have to

17     give up your right not to incriminate yourself because I will

18     ask you questions about what you did in order to satisfy myself

19     that you are guilty as charged.  Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Mr. Strong, have you received a copy of

22     the superseding indictment containing the charge against you?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Have you read it?

25          THE DEFENDANT:  Yes.

E8DJSTRP                          Plea

1          THE COURT:  Has it been translated to you?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Have you had a chance to discuss the

4    indictment with your attorney?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that you're charged in

7    Count 2 with knowingly participating in a conspiracy to commit

8    racketeering activity, in violation of Title 18, United States

9    Code, Section 1962 (d)?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Do you understand that the maximum

12    possible penalty for Count 2 under the circumstances here is

13    life in prison?

14          THE DEFENDANT:  Yes.

15          THE COURT:  The maximum fine for Count 2 is the

16    greatest of $250,000, twice the gross pecuniary gain derived

17    from the offense or twice the gross pecuniary loss to a person

18    other than you as a result of the offense.

19          Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  For pleading guilty to Count 2, you may

22    receive a term of up to five years supervised release.  Do you

23    understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  "Supervised release" means that you'll be

E8DJSTRP                    Plea

 1   subject to monitoring when you are released from prison.  There

 2   are terms of supervised release with which you must comply.  If

 3   you don't comply with them, you can be returned to prison

 4   without a jury trial for all or part of the term of supervised

 5   release imposed by the court.

 6            Under those circumstances, you would not be given any

 7   credit towards that term for the time you served in prison as a

 8   result of your sentence for this crime, nor would you

 9   necessarily be given any credit towards that term for any time

10   you spent on post-release supervision.  Do you understand that?

11            THE DEFENDANT:  Yes.

12            THE COURT:  For pleading guilty to this crime, you

13   will also be required to pay a mandatory $100.00 special

14   assessment.  Do you understand that?

15            THE DEFENDANT:  Yes.

16            THE COURT:  For pleading to this crime, you may be

17   required to pay restitution to any person injured as a result

18   of your criminal conduct.  Do you understand that?

19            THE DEFENDANT:  Yes.

20            THE COURT:  For pleading guilty to this crime, you may

21   be ordered to forfeit any and all property constituting and

22   derived from proceeds obtained by your criminal conduct.  Do

23   you understand that?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Do you also understand that if I accept

E8DJSTRP                    Plea

1    your guilty plea and adjudge you guilty, that may deprive you

2    of valuable civil rights, such as the right to vote, the right

3    to hold public office, the right to serve on a jury, and the

4    right to possess any kind of firearm?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Are you a United States Citizen?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Under current law there are sentencing

9    guidelines as well as other factors that are set forth in the

10   sentencing statutes that judges must consider in determining a

11   sentence.  Do you understand that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Have you spoken with your attorney about

14   the sentencing guidelines and those other factors?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Do you understand that the court will not

17   be able to determine the sentencing guidelines range that will

18   form a part of my determination of what a reasonable sentence

19   is in your case until after a presentence report has been

20   prepared and until after you and your attorney and the attorney

21   for the government have all had a chance to challenge any of

22   the facts reported in the presentence report by the probation

23   officer?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Do you understand even though the

 1   government has provided you with its current calculation of

 2   your sentence under the guidelines in the plea agreement, that

 3   range which is between 210 and 262 months imprisonment is not

 4   binding on the Probation Department and is not binding upon the

 5   court?

 6          THE DEFENDANT:  Yes.

 7          THE COURT:  Do you understand even after the court has

 8   determined what the guideline range applies to your case, the

 9   court has the discretion under the current law to impose a

10   sentence that is higher or lower than the one suggested by the

11   sentencing guidelines?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you understand if your attorney or

14   anyone else has attempted to predict what your sentence will

15   be, their prediction could be wrong?

16          No one, not your attorney, not the government's

17   attorney, no one can give you any assurance what your sentence

18   will be because I am going to decide your sentence and I am not

19   going to do that now and I cannot do that now.  Instead I am

20   going to wait until I receive a presentence report prepared by

21   the Probation Department, I am going to do my own independent

22   calculation of the sentencing guidelines range, I am going to

23   consider it and any possible departures from that range, but

24   most of all, I am going to thoughtfully and carefully consider

25   all of the submissions the parties have put before me for

E8DJSTRP                    Plea

1    sentencing and I am going to determine what a reasonable

2    sentence is for you based on all of the sentencing factors

3    contained in the sentencing statute known as Section 3553 (a).

4              Do you understand all of that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Have you discussed these issues and the

7    overall sentencing process with your attorney?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Even if your sentence is different from

10   what your attorney or anyone else has told you it might be,

11   even if it is different from what you expect, even if it is

12   different from the guideline range contained in the plea

13   agreement you have entered into with the government, you will

14   still be bound by your guilty plea and you will not be allowed

15   to withdraw your plea of guilty.  Do you understand that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Has anyone threatened you or anyone else

18   or forced you in any way to plead guilty?

19             THE DEFENDANT:  No.

20             THE COURT:  Has there been a plea agreement entered

21   into between you and your counsel and counsel for the

22   government?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Counsel have handed up a typed plea

25   agreement bearing the date of August 5th, 2014.

E8DJSTRP                        Plea

```
 1              Ms. Maimin, I see here the apparent signatures of
 2    Jessica Ortiz and of Laurie Korenbaum, the latter being the
 3    Chief of the Violent Organized Crimes Unit.  Are those those
 4    person's signatures?
 5              MS. MAIMIN:  Yes.
 6              THE COURT:  Mr. Nkrumah, I see your signature, dated
 7    today.  Is that your signature?
 8              MR. NKRUMAH:  That's correct.
 9              THE COURT:  Mr. Strong, I see your signature, dated
10    today.  Is that your signature?
11              THE DEFENDANT:  Yes.
12              THE COURT:  Did you read this agreement before you
13    signed it?
14              THE DEFENDANT:  Yes.
15              THE COURT:  Did you discuss it with your attorney
16    before you signed it?
17              THE DEFENDANT:  Yes.
18              THE COURT:  Did you believe that you understood this
19    agreement at the time you saw it?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Did you willingly sign this agreement?
22              THE DEFENDANT:  Yes.
23              THE COURT:  Did anyone force you to sign this
24    agreement?
25              THE DEFENDANT:  No.
```

E8DJSTRP                        Plea

1          THE COURT:  Do you have any agreement with the

2     government about your plea or your sentence that has been left

3     out of this written agreement?

4          THE DEFENDANT:  No.

5          THE COURT:  Ms. Maimin, would you kindly please

6     summarize the material terms, a few terms of the plea

7     agreement.

8          MS. MAIMIN:  Yes.  In connection with this plea

9     agreement, pursuant to which the defendant will plead guilty to

10    Count 2 of the indictment and admit his participation in the

11    murder of David Avila Gomez, the parties have agreed upon a

12    stipulated guidelines range of 210 to 262 months imprisonment.

13         The defendant has also waived his right to appeal or

14    otherwise attack or seek a sentence modification in connection

15    with any sentence your Honor imposes that is within or below

16    that stipulated guidelines range.

17         THE COURT:  Mr. Nkrumah, are you in agreement with the

18    government's summary of the key terms of the plea agreement?

19         MR. NKRUMAH:  Yes, I am.

20         THE COURT:  Mr. Strong, did you hear and understand

21    Ms. Maimin's summary of the key terms of the plea agreement?

22         THE DEFENDANT:  Yes, what they say about the plea?

23    What did they said about the plea?

24         THE COURT:  Yes, did you hear and understand what Ms.

25    Maimin said in summarizing the important terms of the plea

E8DJSTRP                        Plea

1    agreement?

2              THE DEFENDANT:  She spoke very fast and I didn't hear

3    everything.

4              THE COURT:  To be clear, it is the plea agreement more

5    than Ms. Maimin's summary of it that matters here.  Do you

6    understand the terms of the plea agreement?

7              THE DEFENDANT:  Yes.

8              THE COURT:  I am going to take a moment and just

9    review a few of those terms with you.

10              As Ms. Maimin stated, the parties have stipulated or

11    agreed that the sentencing guidelines called for a term of

12    imprisonment of between 210 and 262 months.  Do you understand

13    that that stipulation, that stipulation binds the government

14    and it binds you, but it doesn't bind me because I have to make

15    my own independent calculation of your sentence under the

16    sentencing guidelines?

17              THE DEFENDANT:  Yes.

18              THE COURT:  Do you also understand that under this

19    agreement, you're giving up your right to ask within the

20    sentencing guidelines framework that I depart below the

21    guidelines range that is calculated in this agreement, although

22    you're not giving up your right to ask that I sentence you to a

23    sentence below the guideline range based on the broader set of

24    factors set forth in the sentencing statute, Section 3553 (a)?

25              Do you understand that?

E8DJSTRP                         Plea

1           THE DEFENDANT:  Yes.

2           THE COURT:  Do you understand under this agreement,

3   you're giving up your right to appeal or otherwise challenge

4   your sentence so long as I do not sentence you to more than 262

5   months imprisonment?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Has anyone made any promise or done

8   anything other than what is contained in the plea agreement to

9   induce you to plead guilty?

10           THE DEFENDANT:  No.

11           THE COURT:  Has anyone made a promise to you as to

12   what your sentence will be?

13           THE DEFENDANT:  No.

14           THE COURT:  Mr. Strong, at this point I would like to

15   ask you to tell me in your own words what you did that makes

16   you believe you're guilty of Count 2 of the superseding

17   indictment.

18           MR. NKRUMAH:  Before we do that, I would like to point

19   out a typo in the plea agreement.

20           THE COURT:  Yes.

21           MR. NKRUMAH:  Page 4, Paragraph 4, the fourth line

22   down, I am going to start after Section 3582 (c).  It says, "of

23   any sentence within or below the stipulated guideline range of

24   201."  That should be 210.

25           THE COURT:  Ms. Maimin, do you agree with that?

E8DJSTRP                        Plea

          MS. MAIMIN:  Yes.

          THE COURT:  I will treat the word "201" at the end of
the fourth line of the last paragraph on Page 4 of the plea
agreement as stating 210 instead of 201, and I am going to
cross out 201 and replace it with 210.

          Thank you, Mr. Nkrumah.

          MR. NKRUMAH:  You're welcome.

          THE COURT:  With that change, I go back to the
question I ask you, Mr. Strong.  Please tell me in your own
words what you did that makes you believe you're guilty of
Count 2 of the superseding indictment.

          THE DEFENDANT:  First, your Honor, I would like to
apologize to my family and to yourself.  That night I was a
driver.

          THE COURT:  You were?

          THE DEFENDANT:  The driver.  As I said, I was the
driver.  We went to a town by the name of Yonkers together with
other persons, several other persons.  We were going to commit
a robbery.  One of them left the car, went back.  So one person
left the car, after a while returned back to the car.  Two or
three days later I was arrested, and then I learned that during
that robbery --

          (Off-the-record discussion)

          THE DEFENDANT:  I am confirming everything I said
before.

1          THE COURT:  Confirming what?

2          THE DEFENDANT:  Confirming what I said a second ago,

3    three days later this robbery, I was arrested and then I

4    learned that one person had been killed during the robbery.

5          (Off-the-record discussion)

6          THE DEFENDANT:  Your Honor, the deputy tried -- there

7    is confusion with three days and when I was arrested.

8          THE COURT:  Say that again?

9          THE DEFENDANT:  The deputy drive by some confusion

10   when he was arrested in relationship with the three days I

11   mentioned previously.

12         THE COURT:  I need you to translate for me his words.

13         (Off-the-record discussion)

14         THE DEFENDANT:  Some time went by, one or two years.

15         I was arrested, and then, and then I was told that

16   during that robbery a person had been killed.  So up to that

17   moment I didn't know about the deceased, but I knew that we

18   were going to commit a robbery.  That's all I have to say.

19         THE COURT:  Mr. Nkrumah, I am going to ask you to

20   spend a few minutes speaking with your client.  The charge in

21   this case is conspiracy to commit racketeering activity.  I

22   have not at this point heard word one about an enterprise or

23   anything like that.  So I need you to speak with your client to

24   make sure there is an adequate allocution that hits all of the

25   elements of the offense.

E8DJSTRP                          Plea

1          MR. NKRUMAH:  Yes, your Honor.  Just one moment.

2          (Off-the-record discussion)

3          MR. NKRUMAH:  Your Honor, may I approach with the

4     AUSA?  To talk to the court about Mr. Strong and the

5     allocution?

6          THE COURT:  I think it needs to be on the record.

7          MR. NKRUMAH:  Your Honor, we have written out an

8     allocution that we have discussed.  The only problem with

9     Mr. Strong after reading that allocution is he cannot read.  So

10    he is trying to remember what it is that we have discussed.

11         I have the written allocution in front of him.  If I

12    can just read the paragraph that pertains to the enterprise

13    part so he can hear me and repeat, he has had an opportunity to

14    read the allocution and he agrees with it.

15         THE COURT:  In substance, what you are proposing is

16    fine.  Why don't we do this.  Let's take this nice and slow.

17    You read to him small portions of it.  If he is in agreement

18    with the factual accuracy of what has been said, he is at

19    liberty then to read it aloud in court and we'll go

20    step-by-step.

21         MR. NKRUMAH:  Thank your Honor.

22         (Off-the-record discussion)

23         MR. NKRUMAH:  Your Honor, did you want to hear me read

24    it?

25         THE COURT:  No.

E8DJSTRP                      Plea

1              (Off-the-record discussion)

2              THE DEFENDANT:  September 4th, 2009 --

3              THE COURT:  Let me confirm from the interpreter, you

4    are translating the words of the defendant?

5              THE INTERPRETER:  Yes.

6              THE COURT:  Go ahead.

7              THE DEFENDANT:  September 4th, 2009, I was a member of

8    a group called the Bad Boys, which was a subset of the

9    Trinitarios from the Bronx.

10             In my association with the Bad Boys, I served in

11   various roles in support of the group.  Besides this, I agreed

12   with other members, I agreed with other members of the

13   Trinitarios to commit assaults.

14             THE INTERPRETER:  That is all.

15             THE COURT:  Mr. Nkrumah, for there to be guilt of a

16   RICO conspiracy, the defendant himself either has to agree to

17   commit two predicate acts or to participate in the conduct of

18   the enterprise with the knowledge and intent that other members

19   of the conspiracy would do so.  Right now I believe he has

20   agreed with other members of the Trinitarios to commit assault,

21   but I don't think we have gotten two.

22             Ms. Maimin, am I right?

23             MR. NKRUMAH:  He also agreed to --

24             THE COURT:  I don't think that has been tied to the

25   Trinitarios yet.

E8DJSTRP                          Plea

1          MS. MAIMIN:  That's right, your Honor.

2          THE COURT:  Go ahead.

3          (Off-the-record discussion)

4          THE DEFENDANT:  I agreed to commit two assaults with

5     members of the Trinitarios in furtherance of the activities of

6     the group.

7          THE COURT:  In connection with your -- was the robbery

8     that you referred to earlier committed, that led to the murder

9     of Mr. Avila Gomez, was that committed in conjunction with

10    other members of the Trinitarios gang?

11         THE DEFENDANT:  Yes.

12         THE COURT:  That was in Yonkers?

13         THE DEFENDANT:  Yes.

14         THE COURT:  In September of 2009?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Can the government proffer to me the

17    existence of an enterprise engaged in or whose activities

18    affected interstate commerce.

19         MS. MAIMIN:  We can.  The Trinitarios gang and Bad

20    Boys sect that the defendant referred to trafficked in

21    narcotics that were not manufactured or grown in New York

22    State.

23         THE COURT:  Mr. Nkrumah, does the defense agree or

24    stipulate that the Trinitarios gang was an enterprise whose

25    activities affected interstate commerce?

E8DJSTRP                         Plea

1              MR. NKRUMAH:  Yes, we do, your Honor.

2              THE COURT:  Mr. Strong, do you agree with that as

3    well?

4              THE DEFENDANT:  Yes.

5              THE COURT:  When you did these acts, the acts you

6    described a few moments ago, did you know that what you were

7    doing was wrong?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Did you know that you were committing a

10   crime?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Does government counsel agree there is a

13   sufficient factual predicate for a guilty plea?

14             MS. MAIMIN:  Yes, your Honor.

15             THE COURT:  Does defense counsel?

16             MR. NKRUMAH:  Yes, we do, your Honor.

17             THE COURT:  Does defense counsel know of any valid

18   defense that would prevail at trial or any reason why your

19   client should not be permitted to plead guilty?

20             MR. NKRUMAH:  No, we do not, your Honor.

21             THE COURT:  Mr. Strong, are you pleading guilty

22   voluntarily and of your own free will and because you are, in

23   fact, guilty?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Can government counsel represent that had

1  the case gone to trial, it had sufficient evidence of each

2  element to establish a conviction?

3          MS. MAIMIN:  Yes.

4          THE COURT:  Mr. Strong, I want to ask you one final

5  question before wrapping up.  You mentioned a moment ago or

6  counsel mentioned you are unable to read.  I understood that

7  when we talked about the plea agreement, it had been translated

8  to you and that was how you understood what it says.  I want to

9  make absolutely sure about that.  Was the plea agreement

10 translated to you?  Was it read to you in a language you can

11 understand?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Because you acknowledge that you are, in

14 fact, guilty as charged in the indictment, because I am

15 satisfied that you know of your rights, including your right to

16 go to trial, because I am satisfied you are aware of the

17 consequences of your plea, including the sentence that may be

18 imposed, and since I find you are voluntarily pleading guilty,

19 I accept your guilty plea and enter a judgment of guilty on the

20 count to which you have pled guilty.

21         The next step in your case, Mr. Strong, will be the

22 beginning of the sentencing process.  The Probation Department

23 is going to want to interview you in connection with the

24 presentence report that it will prepare.  If you choose to

25 speak with the Probation Department, please make sure anything

27

1    you say is truthful and accurate.  I read those reports

2    carefully.  They're often very important for me along with

3    lawyers' sentencing submissions in deciding what sentence to

4    impose.

5              You and your counsel have a right to examine the

6    report and to comment on it at the time of sentencing.  I urge

7    you to read it and discuss it with your attorney before

8    sentencing.  If there are any mistakes in it, please point them

9    out to your lawyer so he can bring them to my attention before

10   sentence.  Will you agree to do that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Mr. Nkrumah, is this a case in which your

13   client is seeking an expedited sentence?

14             MR. NKRUMAH:  No, it is not.

15             THE CLERK:  Counsel, Friday, November 21st, at 11:30?

16             MS. MAIMIN:  That works for the government.

17             MR. NKRUMAH:  That is fine.

18             THE COURT:  I'll set sentencing down for that date and

19   time.  Mr. Nkrumah, you must arrange for your client to be

20   interviewed by the Probation Department within the next two

21   weeks.  I want to make sure I haven't overridden a vacation.

22             MR. NKRUMAH:  I will make the arrangements.

23             THE COURT:  Government, you are directed to provide

24   your case summary to the Probation Department within the next

25   two weeks as well.

E8DJSTRP                     Plea

 1          MS. MAIMIN:  Yes.

 2          THE COURT:  I know you are not on vacation?

 3          MS. MAIMIN:  I have no firm plan for vacation.

 4          THE COURT:  Defense submissions are due two weeks

 5  before trial.  Government submissions are due one week before

 6  trial.  Ms. Hummel has provided counsel with copies of the

 7  Court's procedures with respect to the filing of sentencing

 8  submissions with the Clerk of the Court.

 9          Ms. Maimin, I take it the defendant is detained?

10          MS. MAIMIN:  Yes.

11          THE COURT:  Anything further from either counsel?

12          MS. MAIMIN:  No.

13          MR. NKRUMAH:  Nothing.

14          THE COURT:  Thank you.  Before we stand adjourned, Mr.

15  Nkrumah, am I correct there are two members of the defendant's

16  family who are here today?

17          MR. NKRUMAH:  There is, your Honor, you are correct.

18  It is Mr. Strong's mother and his older sister in the audience.

19          THE COURT:  Very good.  I want to acknowledge your

20  presence here today.  I thank you for being here and being by

21  Mr. Strong's side on this hard day for him, and I am sure for

22  you.  I encourage you to speak to Mr. Nkrumah about ways in

23  which you can productively participate in the sentencing

24  process.

25          (Court adjourned)